## MARY M. KHRON *vs.* EDWARD BROCK.

Suffolk. March 2. — May 12, 1887. FIELD, C. ALLEN, & GARDNER, JJ., absent.

The owner of a building under his own control and in his own occupation is liable for an injury caused to a traveller on the highway by the falling of a piece of zinc from the roof of the building, which has been repaired under an entire contract, by the terms of which the contractor was to furnish all the labor and materials therefor, if the contractor has completed his contract and ceased to work thereunder.

If a bill of exceptions sets forth a request for a ruling which was refused, and does not state the ruling given, and the request for a ruling was rightly refused, it will be presumed that proper instructions were given.

TORT for personal injuries occasioned to the plaintiff by a piece of zinc falling or being blown by the wind upon her from the roof of the defendant's house.

Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence, that the defendant was the owner of a dwelling-house and land on Tufts Street in Boston; and that, on December 23, 1884, while the plaintiff was walking on the sidewalk adjoining and opposite the house, a piece of zinc, which formed a cap for the brick wall which extended a few inches above the roof of said house, either fell or was blown by the wind from said wall, and, striking the plaintiff on the head, threw her down, and occasioned the injury complained of. No persons were working on the roof of the defendant's house on the day of the accident, but there was a carpenter at work on the front of said house, sheathing about the front door.

It was in evidence on the part of the defendant, that that portion of the sidewalk adjoining and opposite the house, on which the plaintiff was at the time she was struck and injured, was, at the time of the accident, and for several weeks before had been, obstructed on either side of the house by a fence which extended from the house across and beyond the sidewalk to the roadway, and made it necessary for persons walking on the sidewalk to turn out at the points where the fences were, in order to get by. This evidence was contradicted by the plaintiff's testimony.

It also appeared in evidence, that, on the day prior to the accident, one Blevins, a roofer, with his employees, was at work upon the roof of said house, under an entire contract for a specified price made with the defendant, under the terms of which he was to remove tar and gravel from the old roof of said house, and in place thereof to put on new tar and gravel, and zinc flashings, he, Blevins, furnishing the labor and materials therefor. The evidence was conflicting as to whether the removal or repairing of said cap was any part of said contract, which was an oral one; as to whether Blevins had completed his contract at the time of the accident; and also as to whether the defendant interfered with said cap during the performance of said work. Blevins testified that he assisted the defendant in removing the same from said wall, and also in replacing the same; this was denied by the defendant, who testified that he (the defendant) in no way interfered with the same.

The defendant asked the judge to instruct the jury as follows: "1. The defendant is not liable in this action, unless the zinc was unfastened by him, and was negligently and carelessly so left unfastened. 2. If the defendant entered into a contract with Blevins, the roofer, under the terms of which he, Blevins, was to perform and furnish the labor and materials for putting a new roof on the building in question, and putting the cap on the wall was a part of the contract, the defendant is not liable in this action. 3. If the zinc was carelessly or negligently left unfastened or loose by Blevins, or any of his employees, and while in that condition was blown from the roof, then the defendant is not liable in this action. 4. If the jury find that it was a part of the duty of Blevins to fasten and secure the zinc cap which fell or was blown off from the roof, then it is their duty to find

a verdict for the defendant; as in that event the negligence would be that of Blevins, and not of the defendant. 5. The defendant was not bound to anticipate remote contingencies, such as a high wind or severe storm, and the burden of proof is upon the plaintiff to show what precaution the defendant failed to take which he ought to have taken. 6. If the jury find that the plaintiff was upon the sidewalk in front of the defendant's house, and also find that at that time the sidewalk was enclosed upon both sides of the house by a fence or barriers extending across the sidewalk to the street, and impeding its use for travel, then they must find she had no right to be there, and therefore cannot recover damages in this action."

The judge refused so to rule, and left it to the jury to determine whether the plaintiff's injury was caused by the unsafe and improper condition of the defendant's building, and whether, at the time, the plaintiff was lawfully on the street or sidewalk in the exercise of due care; and gave full instructions touching those questions. Upon the matter of the defendant's fifth request, the following instruction was given : " The duty of an owner to keep his building in such a condition that a lawful occupant of adjacent property will not be injured by it, does not create against him a liability for an accident caused by the wrongful interference of a third person, or for an inevitable accident, that is, for one produced by such a cause as a superior and unanticipated natural force, like a stroke of lightning, or a tornado of such violence as could not reasonably be expected; but it does leave him liable for all accidents produced by the unsafe condition of the house in connection with the action of winds or storms ordinarily incident to our climate."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. W. O'Brien*, for the defendant.

*R. D. Smith*, (*J. H. Sherburne* with him,) for the plaintiff.

DEVENS, J.   The first ruling requested was that the defendant was not liable in this action, unless the zinc (by the falling of which the injury occurred) was unfastened by him and was negligently and carelessly so left unfastened.   This instruction should not have been given.   It is the duty of the owner of a building under his own control and in his own occupation, as

between himself and the public, to keep it in such safe condition that travellers on the highway shall not suffer injury. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, and cases cited.

It was a disputed question whether one Blevins, who had contracted with the defendant to make certain repairs on the roof of his house, had completed his contract. The second, third, and fourth instructions requested, which, if given, would relieve the defendant from any responsibility, if the carelessness of Blevins in leaving the zinc unfastened was the primary cause of the injury, necessarily imply that the owner of the building was not responsible for the unsafe condition, even if the contractor had completed his contract and had ceased to work. The case upon these points was left to the jury, to determine whether the plaintiff's injury was caused by the unsafe condition of the building. What, in terms, the instructions were, the exceptions do not show, but it is evident that the defendant was only made responsible for the unsafe condition of the building itself, and not for any carelessness of Blevins as an independent contractor in actually performing the work. It cannot be contended that, if the work was completed, the owner would not be responsible for injuries resulting from the imperfect construction or dangerous condition in which it was permitted by him to remain. *Gorham* v. *Gross,* 125 Mass. 232.

The fifth instruction requested was given in substance, and the defendant has urged no objection thereto.

As to the sixth instruction requested, whether the defendant had any right from the city authorities to enclose the sidewalk in the manner described does not appear. While the presiding judge did not adopt the request of the defendant, he gave full instructions upon the question whether the plaintiff was lawfully on the street or sidewalk, in the exercise of due care. The judge was not required to adopt the precise words of the defendant, and, as his instructions are not stated, it must be inferred, as against the excepting party, that they were correct, and sufficient to cover the inquiry.     *Exceptions overruled.*