## THE CITY OF COLUMBIA CITY *v.* LANGOHR.

[No. 2,553. Filed June 14, 1898.]

CITIES.—*Damages for Personal Injuries.—Negligence.—Special Verdict.*—Plaintiff brought suit for a personal injury received while walking along a board sidewalk. The jury found in the special verdict that the boards were from culled lumber and were nailed cross-wise on stringers ; that plaintiff was walking along the sidewalk with her sister, carrying a babe in her arms, walking slowly and carefully, and observing the sidewalk as she proceeded ; that she tripped on a loose board in the sidewalk by reason of her sister stepping on the other end thereof and fell, dislocating her thumb, elbow, and shoulder, and also injuring her back; that the boards had become loose by reason of the nails having rusted off, and had been loose for five months ; that defendant could have discovered the defective condition of the sidewalk by inspection, and that plaintiff did not know that the walk was out of repair, and could not, by the use of ordinary care, have discovered that there were loose boards in the walk. *Held,* that the facts found by the special verdict were sufficient to support a judgment for plaintiff. *pp. 396-400.*

DAMAGES.—*Special Verdict.—Conflict in Findings.*—The jury in an action for damages for personal injuries assessed plaintiff's damages at $1,000 as compensation for her present condition of health, as well as for injuries sustained from an accident, as charged in the complaint, which injuries included the dislocation of her shoulder. The jury found that the injury to her shoulder was permanent, and that her present condition of health was occasioned solely by the accident described in the complaint, and then found that the shoulder subsequently became dislocated, without stating the cause thereof. The jury also found that if the dislocation had been properly reduced and placed in an immovable position it could not have become dislocated, but it was not found whether or not it was or should have been placed in an immovable position. *Held,* that the statement of the jury that they included in the assessment of damages compensation for the present condition of plaintiff's health as well as for her injuries from the accident described in the complaint may be regarded as not inconsistent with the conclusion by the jury that her present condition was occasioned solely by the accident described in the complaint. *pp. 400-403.*

EVIDENCE.—*Weight of.*—The Appellate Court will not weigh the evidence for the purpose of determining its preponderance. *p. 403.*

From the Whitley Circuit Court. *Affirmed.*

*Thomas R. Marshall, Wm. F. McNagney* and *P. H. Clugston,* for appellant.

*A. A. Adams* and *E. K. Strong,* for appellee.

BLACK, J.—The appellee, Rosa Langohr, brought her action against the appellant to recover damages for a personal injury suffered by the appellee. There was a special verdict, on which the court rendered judgment for $1,000.00 in favor of the appellee, a motion by the appellant for judgment in its favor upon the verdict having been overruled.

In the special verdict it was, in substance, found as follows, omitting many details for the sake of brevity: On the 7th of May, 1896, the appellee was walking eastward on a sidewalk which ran along the north side of Market street, in Columbia City, being a part of said street. It was a board sidewalk about four feet wide, constructed on stringers running parallel with the street, the boards, which were from culled lumber, being nailed cross-wise on the stringers. As to whether it had been built more than five years the jury said there was no evidence. The appellee was injured by falling on said sidewalk on said day. The appellee fell by being tripped by a loose board in the sidewalk, by reason of her sister's stepping upon the end of a loose board, which was loose on account of the nails holding it to the stringers having become rusted off. It had been loose continuously for five months prior to the day of the injury. There were two or more loose boards in the sidewalk at the point where she was injured, which had been loose continuously for five months. Said loose boards were dangerous to persons passing on the sidewalk. The south edge of the sidewalk at that place was lower than the north side. During four or five months prior to the injury the loose boards at that point slipped southward off the north stringer, and several times prior to the in-

The City of Columbia City *v.* Langohr.

jury were placed back in position by persons walking on the sidewalk. When the loose boards were slipped to the south the defective condition of the sidewalk was plain and obvious. When they were in line and straight in their place on the walk no defect therein by reason of loose boards could be detected by simply looking at the walk, nor could such defect be detected by persons using the sidewalk except by stepping upon the loose boards. These loose boards were straight and in line, and in their place on the sidewalk at the point where the appellee was injured at the time of the injury. They had at one time been fastened to the stringers with nails or spikes. The jury stated that there was no evidence as to the time prior to the injury during which the nails or spikes had been rusted off. For five months prior to the injury the appellant permitted and suffered the walk at the point where the appellee was injured to be and become out of repair and dangerous to persons carefully using it. The appellant, by its officers or agents, inspected the sidewalk in October, 1895, but did not inspect it after that time until after the day on which the appellee was injured. The appellant could have discovered loose boards in the sidewalk at the point where the appellee was injured, if by its officers or agents it had inspected the sidewalk at any time during five months prior to the injury to the appellee. The appellee was accompanied by her sister, the appellee walking upon the south side of the sidewalk by the side of her sister, who was walking on the north side. The appellee was carrying in her arms a child about two months old. She was walking slowly, carefully, and cautiously, and was looking at and observing the sidewalk as she proceeded. She did not know before the injury that the sidewalk was out of repair at the point where the accident occurred, or

that there were loose boards in the sidewalk at that point. The jury answered that the appellee by the use of ordinary care, prudence and observation, could not have discovered that there were loose boards in the sidewalk at the place where she was injured, before stepping upon them. She received injuries by tripping and falling upon the sidewalk, her injuries embracing a dislocated left thumb, a dislocated right elbow, a dislocated right shoulder. Her back also was injured. Her right arm was bruised, torn and lacerated. She fell upon her right side and shoulder. In consequence of the accident she suffered great pain, and was not able to lie down in bed for about six weeks after the accident. At the time of the trial she still suffered pain from the injury. She had recovered the full use of her thumb and elbow, but not of her shoulder. The jury found that the injury to her shoulder was permanent, and that she would never recover the full use thereof. She had become nervous in consequence of the injury, and her general health had been impaired by the injury. She could not raise her right arm higher than her shoulder. It was found that by reason of the injuries complained of in the complaint she had been damaged in the sum of $1,000.00; that her condition of health at the time of the trial was occasioned solely by the accident described in the complaint; that she had not contributed to that condition of her health by the improper use of her arm; that the dislocation of her shoulder was properly reduced in the first instance by Dr. Williams; that the shoulder subsequently became again dislocated; that if the dislocation of the shoulder had been properly reduced and placed in an immovable position it could not have become redislocated without the interference with the bandages upon the part of the appellee or her attendants; that

if the dislocation of her shoulder, as described in the complaint, had been properly reduced and bandaged shortly after the accident and subsequently received proper treatment, the appellee probably would have recovered the full use of her arm; that the second dislocation of her shoulder retarded her recovery and aggravated the injury received by her from the accident, and contributed to her condition at the time of the trial; that it did not account for the sore, inflamed, and thickened condition of the muscles and tendons in the region of the original dislocation, existing at the time of the trial; that the condition then of her shoulder had not been caused partially by her indiscreet use of her arm.

It was further found, that the walk upon which she was injured was clearly out of repair at the time of the accident; that such defective condition was not easily apparent to a person of ordinary prudence; that it was necessary to carefully inspect it before a person of ordinary prudence could have discovered its defective condition; that the appellant had not actual notice of the defective condition of the sidewalk at the time of the accident; that it had not then or prior to that time been notified of said defective condition; that the sidewalk had been repaired within two or three days before the accident by one Frederick Bush and his son, who then carefully went over and inspected the sidewalk, with a view to ascertaining what its condition was as to containing loose boards; that they did not nail down all boards on the sidewalk which by careful inspection they could discover were loose thereon; that the accident to the appellee occurred the next day after the repairs so made by them; that between the time of making said repairs and the time of the accident, the defect in the side-

walk could have been ascertained by a reasonably careful and prudent inspection thereof.

The jury being asked, "If you find that said sidewalk was defective and out of repair at the time of the accident, was such condition open or concealed?" answered, "Concealed." It was also found, that the defect in the walk which caused the accident to the appellee was not one which could be discovered by the use of ordinary care, prudence, and observation; that at the time of the accident the appellee was carrying her babe in her arms in such a way that her view of the walk directly in front of her was thereby cut off and obstructed, and by reason of having her babe in her arms she could not see the walk directly before her at the time of the accident.

The jury assessed the appellee's damages at $1,000.00, and they stated that in this assessment they included compensation for "the present condition" of her health, as well as for her injuries from the accident described in the complaint.

Taking the verdict as a whole, and considering all the facts stated therein, it sufficiently appears that the municipal corporation did not exercise ordinary care to maintain its sidewalk in a reasonably safe condition for the use of pedestrians, and that by reason of a defective condition of the sidewalk, which but for the want of such care on the part of the city would not have existed, the appellee was injured while exercising ordinary care on her part.

The right of the appellee to recover for the injury properly attributable to the appellant's negligence was shown. It is contended, in effect, that the verdict shows that the jury did not so confine their assessment of damages, but included therein damages for a physical condition which was not, properly speaking,

The City of Columbia City *v.* Langohr.

a consequence of the injury occasioned by the defective condition of the sidewalk.   If this position of counsel be correct, it would follow that the verdict does not show the amount of the appellee's damages suffered by reason of the appellant's wrong, although it shows facts entitling her to substantial damages. The dispute in this regard relates to the dislocation of the appellee's shoulder by her fall, and its subse-. quent redislocation.

It was found by the jury that the injuries to the appellee embraced a dislocated right shoulder.   Before any finding relating to a redislocation it was found that she had not recovered the full use of her shoulder; that the injury to her shoulder is permanent; that she will never recover the full use thereof; that she could not raise her right arm higher than her shoulder; that she was damaged in the sum of $1,000.00 by reason of the injuries complained of in the complaint; that her present condition of health was occasioned solely by the accident described in the complaint; that she had not contributed to that condition by the improper use of her arm, and that the dislocation was properly reduced in the first instance.

It is then found that the shoulder subsequently became redislocated.   It is not stated by what cause or under what circumstances this redislocation was occasioned.   It is stated that if the dislocation had been properly reduced and placed in an immovable position it could not have become redislocated without interference with the bandages upon the part of the appellee or her attendants.   It had been found by the jury that the dislocation was properly reduced. It was not found whether or not it was or should have been placed in an immovable position, or whether or not there was any negligent or improper interference

with the bandages by the appellee or any other person.

If it can be said that it may be inferred from the verdict that there was some interference with the bandages by the appellee or her attendants, it does not appear that such finding is more than a conjectural finding, and it does not appear even conjecturally what interference there was, or that there was any negligent interference or one which might not occur and be occasioned without fault of the appellee or her attendants because of some original peculiarity of the case.

The finding that she probably would have recovered the use of her arm if the dislocation had been properly reduced and bandaged, and had subsequently received proper treatment, can hardly be said to amount to more than a finding that some one or all of these hypothetical causes probably contributed; but which of them contributed or how or in what respect or on what occasion anything was done or suffered to augment the injury is not stated. There is no finding of matters of fact in relation to any of these hypotheses. It is the office of a special verdict to state facts.

Thus it does not appear what particular cause or causes occasioned the second dislocation. It retarded her recovery and aggravated the injury. She had not contributed to her condition by improper use of her arm, and her condition was not partially caused by her indiscreet use of her arm, and it is not shown directly that there was any fault of the appellee or any other person or persons in connection with the redislocation, while it is shown that at the time of the trial she was suffering from disabilities not accounted for by the second dislocation, and it is affirmatively found that her condition at the time of the trial was

occasioned solely by the accident described in the complaint.

The statment of the jury that they included in the assessment compensation for the present condition of her health as well as for her injuries from the accident described in the complaint may be regarded as not inconsistent with a conclusion by the jury that her present condition was occasioned solely by the accident described in the complaint. To harmonize their findings this view is necessary.

The verdict being rendered by the jury by way of answering special interrogatories prepared by counsel, there is indefiniteness and obscurity in some of the findings, but not, we think, such as made it improper for the court to render judgment for the amount assessed.

The overruling of appellant's motion for a new trial is assigned as error. Under the well known rule that we cannot weigh the evidence for the purpose of determining its preponderance, we are unable to disturb the result on the ground of want of sufficiency of the evidence. Upon the trial the court permitted to be introduced and inspected by the jury a board produced by a witness as the board by which the appellee was caused to trip and fall. The objection urged here against this action of the court, being that there was no identification of the board, was not suggested in the objection made on the trial. Furthermore, this ground of objection could not be sustained for the reason that there was amply sufficient identification of the board.

In its second instruction the court charged the jury relative to the assessment of damages, that the amount should be a full and just compensation for the injury the appellee received, and no more, and then stated what might be considered in estimating such

compensation, saying, among other things that no compensation should be allowed for increased pain, suffering, or aggravation of the injury caused by the appellee's own negligence or carelessness; "but if the plaintiff called a reputable and reasonably competent physician to treat the injury, the amount of her compensation should not be reduced by reason of any wrong treatment the physician may have given or administered, and if she followed his directions in her conduct in the use of her arm and shoulder, she cannot be charged with negligence or carelessness, even if such conduct or use were not proper and aggravated the injury."

In City of Goshen v. England, 119 Ind. 368, 5 L. R. A. 253, it was held that in an action for damages for a personal injury through the defendant's negligence, where it is claimed that the negligence of the plaintiff after the injury contributed to the aggravation of the injury, such negligence is matter of defense, and the burden of proving it rests upon the defendant; and an instruction to the jury was approved which contained matter so similar to that quoted above, to which appellant here objects, as to suggest that the court below copied its instruction substantially from the report of that case.    The judgment is affirmed.