## CITY OF ELWOOD v. LAUGHLIN.

[No. 3,989. Filed October 28, 1902.]

NEGLIGENCE.—*Personal Injuries.*—*Proximate Cause.*—*Intervening Agency.* —*Complaint.*—*Municipal Corporations.*—A complaint in an action against a city for personal injuries charged that as plaintiff was about to cross a culvert, which the city had constructed in a negligent manner, a third person stepped upon the culvert and displaced a board thereon, which tripped plaintiff, causing her in-

jury. *Held*, that the complaint was not bad for failing to allege that such third person was without fault. *pp. 670-674.*

NEGLIGENCE. —*Personal Injuries.* —*Municipal Corporations.* —*Defective Culvert.*—*Notice of Defect.*—*Pleading.*—Where in an action against a city for personal injuries caused by a defective culvert it was charged that the defectiveness of the culvert which occasioned the injury was caused by the city itself in constructing the culvert, it was not necessary to allege that the city had notice of the defect. *pp. 674-676.*

APPEAL AND ERROR.—*Bill of Exceptions.*—*Evidence.*—Where it appears from the record that the bill of exceptions containing the evidence was not presented at the term at which the motion for a new trial was overruled, or within the time after the term then granted, the evidence is not properly a part of the record, and can not be considered on appeal. *pp. 676, 677.*

From Madison Circuit Court; *J. F. McClure*, Judge.

Action by Martha J. Laughlin against the city of Elwood for damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*H. F. Wilkie* and *Henrietta Wilkie*, for appellant.
*C. M. Greenlee* and *B. R. Call*, for appellee.

BLACK, J.—A demurrer to the complaint of the appellee, Martha J. Laughlin, against the appellant, for want of sufficient facts, was overruled. After introductory matter, it was alleged in the complaint, that, long before the date of the injury complained of, the city, by due process of law, improved a portion of Sixteenth street, extending north and south in the city, by macadamizing and graveling and by constructing on either side brick sidewalks; that North C street, extending east and west, intersects the portion of Sixteenth street so improved; that at the intersection, on the south side of North C street where it crosses Sixteenth street, on the sidewalk on the east side thereof, was constructed a small culvert by the city at the time of the improvement; that the plan of constructing the culvert was the setting of curbstones, about three inches in thickness, in an upright position, about fifteen inches apart, the depth of the space or drain over which the culvert was made being

about fifteen inches below the surface level of the sidewalk so constructed by the city, and placed upon said stone curbings were iron stringers, of length equal to the space between said curbings, and extending over the tops of the curbings, and being so crooked and curved as to leave space for a two-inch board to be hung therein, the top surface of which was to be level with the surface of the sidewalk,—the board to be sawed out and grooved in such manner at either side that the iron stringers would be buried in the wood thereof, and would hold the board in its proper position.

It was further alleged that the city carelessly, negligently, and knowingly placed upon these stringers a thin board about five-eighths of an inch in thickness and of less width than the space between the curbings, and negligently, carelessly, and knowingly failed to saw out or groove the board on either side so that it would be properly held in its place, but carelessly, negligently, and knowingly placed the board therein in a loose condition without any means of its being held and retained in its proper position and place, and negligently, carelessly, and knowingly failed to place therein any timber or board of sufficient thickness or width to fit the space as so designed, and to be of such width and so attached and hung therein as to be safe for ordinary travel, and to be retained in its proper position. It was alleged that the culvert was constructed upon a sidewalk over which there was great travel; that the appellee at all times mentioned in the complaint was a resident of the city; that on the 7th of September, 1898, she was walking along Sixteenth street in a careful and prudent manner; that as she approached and entered upon and was about to cross the culvert, one Anna Churchill, a resident of the city, was walking upon the street and sidewalk, and stepped upon said board; that the board was displaced by Anna Churchill's stepping upon it at the instant at which appellee was about to cross the culvert, and thereby tripped and threw the appellee violently to the ground, without her fault or negli-

gence, and she was then and thereby seriously and permanently injured, the character of her injuries and consequent disability being stated at length; all of which, it was alleged, was without fault or negligence on the part of the appellee, and solely through the carelessness and negligence of the appellant. There were further allegations relating to her sufferings and disability and expenses, all of which, it was alleged, "was caused by the careless and negligent acts of the defendant as aforesaid, and without fault or negligence on her part, and by reason of which she was damaged in the sum of," etc., "wherefore," etc.

It is contended on behalf of the appellant that the complaint is defective because (1) it does not contain an allegation that Anna Churchill was without fault; also (2) because it is not alleged that the appellee had no notice of the defect in the street; and (3) for the reason that it is not alleged that the city knew of the defect in the street.

The allegation that the appellee's injury was without any fault or negligence on her part, and solely through the negligence and carelessness of the appellant, in the absence of any statement directly or indirectly imputing any fault or negligence to Anna Churchill, seems to import, by inference, that there was no culpability and no negligence on the part of Anna Churchill contributing to the injury. If we assume, however, that such language is not equivalent to a direct averment that she did not by her fault or negligence contribute to the injury, we could not for such reason condemn the pleading. It appears from the complaint that the board was displaced by Anna Churchill's stepping upon it, and thereby the appellee was tripped and thrown down. Therefore the act of Anna Churchill in stepping upon the board was a cause which, with the negligence attributed by the pleading to the appellant, brought about the injury which is alleged to have been caused by the specified negligence of the appellant; the act of Anna Churchill being an

incident without which the appellant's negligence would not have occasioned the particular injury.

The municipal corporation should have foreseen that persons walking on the sidewalk at the much frequented place where the culvert was constructed probably would displace the insecured board by stepping on the culvert, either with ordinary care or negligently, at a time when another person lawfully using the public way and walking with ordinary carefulness would be tripped by the suddenly displaced board. If the person who stepped on the board, and thereby displaced it, did so negligently, the displacement of the board thereby was such a consequence of the negligent construction as ought to have been anticipated, because it might reasonably have been foreseen or expected under all the circumstances stated. If there was negligence on the part of Anna Churchill, it was not only not sufficient of itself, without appellant's alleged negligence, to produce the injurious result, but it was such negligence as might reasonably have been anticipated, and was a probable occurrence against which it was the duty of the city to guard in constructing the culvert. The displacement of the board by Anna Churchill's stepping upon it was itself caused by the negligent construction of the culvert. It was a consequence of the original negligence charged, such as might, with reasonable care and diligence in the construction of the culvert, have been anticipated as a result of the alleged negligence therein. *Wright* v. *Chicago, etc., R. Co.,* 27 Ill. App. 200.

It might with reasonable prudence have been expected that as a result of such negligence an injury would probably occur in the very manner in which the particular injury complained of did occur. The original negligence of the appellant was the proximate cause of the intervening occurrence,—the displacement of the board,—which resulted in the injury, and, therefore, was the cause of the injury. The intervening occurrence was, indeed, merely one mode

through which it might reasonably have been expected that the original negligence would probably operate injuriously as it did operate. The defective condition of the culvert resulting from the alleged negligence of the appellant was the efficient and adequate cause for the appellee's injury alleged to have been thereby caused. This should be treated as the true and proximate cause within the meaning of the rule, unless another self-operating cause, not incident to the cause produced by or resulting from the appellant's negligence, but independent thereof, and disconnected therewith, appears to have intervened between the appellant's negligence and the injury.

In *Lane* v. *Atlantic Works*, 111 Mass. 136, 139, is the following language, commended in Thompson on Neg. (2d ed.), §49: "The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise." In that case it was held to be immaterial whether the act of the intervening third person was mere negligence or a voluntary intermeddling, if it was an act which the defendant ought to have apprehended and provided against.

In Shearman & Redfield on Neg. (5th ed.), §29, is the following statement: "The practical solution of this question appears to us to be that a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed (whether they could have been ascertained by reasonable diligence or not) would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind." In §34 of the same work is the following: "If the negligent

.acts of two or more persons, all being culpable and responsible in law for their acts, do not concur in point of time, and the negligence of one only exposes the injured person to risk of injury in case the other should also be negligent, the liability of the person first in fault will depend upon the question whether the negligent act of the other was one which a man of ordinary experience and sagacity, acquainted with all the circumstances, could reasonably anticipate or not. If such a person could have anticipated that the intervening act of negligence might, in a natural and ordinary sequence, follow the original act of negligence, the person first in fault is not released from liability by reason of the intervening negligence of another." See, also, *Clark* v. *Chambers,* 7 Cent. L. J. 11.

To render a defendant liable for the proximate and natural result of his wrong, it is not necessary that the particular damage which accrued as a natural and probable consequence should have been actually foreseen or expected. *Bohrer* v. *Dienhart, etc., Co.,* 19 Ind. App. 489; *Billman* v. *Indianapolis, etc., R. Co.,* 76 Ind. 166, 174, 40 Am. Rep. 230; *Ohio, etc., R. Co.* v. *Trowbridge,* 126 Ind. 391; Thompson on Neg. (2d ed.), §59. If Anna Churchill was negligent, her negligence could not be attributed to the appellee, and it would not relieve the appellant from the consequences of its negligence in relation to the condition of the sidewalk. *Board, etc.,* v. *Mutchler,* 137 Ind. 140; *Town of Knightstown* v. *Musgrove,* 116 Ind. 121, 9 Am. St. 827; *Abbitt* v. *Lake Erie, etc., R. Co.,* 150 Ind. 498, 513.

*Town of Nappanee* v. *Ruckman,* 7 Ind. App. 361, was an action for an injury sustained by reason of a worn board of a sidewalk, when the plaintiff was walking on the sidewalk with another person. It was held that it was not necessary to aver in the complaint that the person who was with the plaintiff on the sidewalk when she was injured, and who caused the board to tilt when they stepped on it, was free

from fault. It was said: "As a general rule, if the injured party is himself free from fault, the negligent defendant will be liable, although the negligence of some third party may have contributed to the injury. The only exception to this rule is where the person whose fault has contributed to the negligence was subject to the control or direction of the person injured, or was so identified with him in a common enterprise as to become responsible for his acts." See, also, *Town of Fowler* v. *Linquist,* 138 Ind. 566; *City of Columbia City* v. *Langohr,* 20 Ind. App. 395; *Knouff* v. *City of Logansport,* 26 Ind. App. 202.

Knowledge of the defect and even knowledge of the danger would affect the determination of the question as to the appellee's contributory negligence, which was expressly negatived. No relation existed between the parties which made it incumbent on the appellee to deny knowledge. The allegation of freedom from fault or negligence was a denial of any contributory negligence on her part, and therefore negatived such knowledge as would have rendered her conduct negligent, and was sufficient without any averment as to her knowledge. *Citizens St. R. Co.* v. *Sutton,* 148 Ind. 169; *Ohio, etc., R. Co.* v. *Trowbridge,* 126 Ind. 391; *City of Huntingburgh* v. *First,* 22 Ind. App. 66; *City of Huntington* v. *Folk,* 154 Ind. 91; *Board, etc.,* v. *Mutchler,* 137 Ind. 140, 148; *City of Lafayette* v. *Weaver,* 92 Ind. 477.

It is finally objected that it is not alleged in the complaint that the appellant knew of the alleged defect in the sidewalk. Where the defect in a sidewalk which occasioned the injury to the plaintiff was caused, not by the municipal corporation, but by the act of a third person, or where the defect existed at the time of the injury by reason of the negligent failure of the municipal corporation to perform its duty by reparing the public way, it is in general necessary, in an action against the municipal corporation to recover damages for the injury, to show that the defendant had notice of the existence of the defect, either actual notice for

City of Elwood *v.* Laughlin.

a reasonable time, or constructive notice implied from the period of the existence of the defect, together with the particular circumstances of the case. In such actions the notice must be made to appear from the averments of the complaint. An allegation of notice by the use of that word may not always be necessary, but there should be such averments as the court may construe as a matter of law as amounting to the required notice. But where it appears from the complaint that the defect in question is attributed to the act of the municipal corporation itself, it is not necessary to allege notice. In making an improvement in the street the municipal corporation is bound to take notice of such defects therein as by ordinary skill and diligence may be discovered. *City of Fort Wayne* v. *Patterson,* 3 Ind. App. 34; *Town of Lewisville* v. *Batson, ante,* 21; *Town of Elkhart* v. *Ritter,* 66 Ind. 136; *Board, etc.,* v. *Dombke,* 94 Ind. 72; *City of Warsaw* v. *Dunlap,* 112 Ind. 576; *Board, etc.,* v. *Pearson,* 120 Ind. 426, 16 Am. St. 325; *City of Madison* v. *Baker,* 103 Ind. 41; *City of Aurora* v. *Bitner,* 100 Ind. 396; *City of Mt. Vernon* v. *Hoehn,* 22 Ind. App. 282; *City of Evansville* v. *Frazer,* 24 Ind. App. 628; *City of Frankfort* v. *Coleman,* 19 Ind. App. 368, 65 Am. St. 412; *Lyon* v. *City of Logansport,* 9 Ind. App. 21.

"There is a clear distinction between cases where the defect is caused by the act of a third person and those in which it is caused by the municipality, or in the cause of which it has a direct agency." Elliott on Roads & Sts. (2d ed.), §627. Where a municipal corporation causes the improvement of its sidewalk by its independent contractor, whatever be the proper statement as to the responsibility for an injury to a third person through the negligence of the contractor or his servants during the progress of the work and while the sidewalk is in the possession of the contractor for the purposes of the improvement, the municipal corporation must be regarded as liable for an injury to a third person occurring after the work has been done and the im-

provement has been accepted by the municipal corporation as completed, where the injury is caused by a defect in the sidewalk occasioned by the negligence of the contractor in the construction thereof, whereby the work fails to be in compliance with the contract, and does not correspond with the plans as contracted for. The city, by its acceptance of an improvement so made as to constitute a nuisance, renders itself then and thereafter responsible for the existence of the nuisance. The liability of the contractor ceases when the work is thus accepted, and the responsibility of the city thereafter can not be evaded. The city owed a duty to appellee as one of the public to inspect the work before acceptance thereof. The knowledge which a proper inspection would have given must be attributed to the city, and by acceptance it became responsible for the defective construction of the culvert. *Boswell* v. *Laird,* 8 Cal. 469, 68 Am. Dec. 345; *Khron* v. *Brock,* 144 Mass. 516, 11 N. E. 748; *Atlanta, etc., R. Co.* v. *Kimberly,* 87 Ga. 161, 13 S. E. 277, 27 Am. St. 231; *Vogel* v. *City of New York,* 92 N. Y. 10, 44 Am. Rep. 349; *Staldter* v. *City of Huntington,* 153 Ind. 354, 363.

In the complaint before us it is stated that the appellant, by due process of law, improved the street long prior to the appellee's injury, and the culvert was constructed by the city at the time of this improvement. The defectiveness of the culvert which occasioned the injury is shown to have been defectiveness in the construction of the improvement, and the defect is charged to have been caused by the appellant itself, negligently and knowingly. It was not necessary, we think, to allege further that the appellant had notice of the defect.

On the 11th of February, 1901, in the January term, the court overruled the appellant's motion for a new trial, and rendered final judgment, and the official reporter was ordered to file her longhand transcript of the evidence in the clerk's office within ninety days, and sixty days were given

for a bill of exceptions　On the 12th of April, 1901, in the April term, the appellant filed a bill of exceptions containing the motion for a new trial, and stating the court's ruling thereon, and the appellant's exception,—a wholly unnecessary bill.　On the 13th of May, 1901, in the April term, as shown by a record entry, the longhand manuscript of the evidence was filed by the stenographer, "and the bill of exceptions, including the evidence is now signed and filed." Next follows what purports therein to be the reporter's longhand manuscript of the evidence certified by the official shorthand reporter on the 23d of April, 1901.　This is followed by a certificate of the judge "that the foregoing bill of exceptions filed in open court on this, the 13th day of May, 1901, being the thirty-seventh judicial day of the April term of said court, contains a true, full, and complete longhand manuscript of the shorthand notes of all the evidence introduced," etc., "as prepared by the official stenographer," etc.　The certificate purported to be signed and sealed by the judge on the 13th day of May, 1901.　The clerk's certificate contains the following: "I further certify that the transcript of the evidence is the original transcript of the evidence as filed by the official reporter of said court in my office, and that the certificate of said official reporter attached thereto is the true and genuine certificate of the said reporter," no other reference being made in the clerk's certificate to a transcript of the evidence, and none to any bill of exceptions.　It appears that the bill was not presented at the term at which the motion for a new trial was overruled, and it does not appear that it was presented within the time after the term then granted.　The bill can not be regarded as part of the record.　We therefore can not consider the appellant's argument upon the question as to the sufficiency of the evidence.　§§638, 638a Burns 1901.

Judgment affirmed.