THE HOBOKEN LAND AND IMPROVEMENT COMPANY v.
THE UNITED ELECTRIC COMPANY OF NEW JERSEY.

Submitted July 3, 1903—Decided November 7, 1904.

An electric company, before sending its current for lighting purposes
through the apparatus installed in a building by other parties, is
bound, on its own responsibility, to make reasonable inspection
of the apparatus to see whether it is fit for use.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON,
HENDRICKSON and PITNEY.

For the plaintiff, *Edward A. Day.*

For the defendant, *Bedle, Edwards & Thompson.*

The opinion of the court was delivered by .

DIXON, J.  In May, 1900, Verdon applied to the North
Hudson Light, Heat and Power Company to install an electric
meter in the saloon of which he was tenant, on the corner of
Fourteenth and Hudson streets, in Hoboken, for the purpose
of furnishing him with light.  The company contracted with
an independent and competent electrician to install the meter,
and he did so on June 9th, 1900.  The company began at once
to supply the electric current, and on July 19th, 1900, a fire
started in the meter box and damaged the saloon, the build-
ing in which it was located and several adjoining buildings.
An examination made afterwards disclosed a probability that
the electrician had failed to drive home a small screw to
bring the feed wire of the electric current into perfect and
steady contact with the binding post of the meter, and that
this imperfect connection had permitted the current to
produce a spark, which finally caused the conflagration.  The

present defendant is the successor and representative of the North Hudson company. This suit is brought by the owner of the damaged buildings, and the claim for compensation rests upon a charge of negligence against the electric company for transmitting its current through the defective apparatus.

At the trial in the Hudson Circuit, the presiding justice instructed the jury that three propositions must be established in order to warrant a recovery by the plaintiff—*first,* that the electrician failed to make a proper connection between the feed wire and the binding post; *second,* that the fire resulted from the improper connection; and *third,* that between the time when the meter was installed and the time of the fire the company should have discovered and remedied the defect. Under these instructions a verdict for the plaintiff was rendered, the propriety of which is now in question.

Respecting the first two propositions submitted to the jury there can be no dispute. Evidently they were essential to the plaintiff's claim, and there was testimony supporting the finding of the jury regarding them. But the third proposition is on the evidence open to debate.

There was at the trial no evidence tending to show that during the forty days which elapsed between the installation of the meter and the fire anything occurred to suggest a defect in the apparatus, or that in so short an interval the apparatus, if properly installed, was likely to become defective, or that there was any usage of electric light companies to inspect the work of independent electricians before transmitting their current through it. Under these circumstances, negligence on the part of the company could be predicated only on the general hypothesis that the company was not justified in assuming that the independent contractor had properly done his work, but was charged with a direct responsibility regarding the exercise of due care and skill in the preparation of the apparatus for use.

The question before us is, therefore, was it lawful to permit the jury to base a verdict on that hypothesis?

An electric current sufficiently powerful to furnish light

is so dangerous to persons and property that if introduced into a building and not controlled it would ordinarily be deemed in law a nuisance. As such, it would render the party introducing it responsible for all damage done by it, without regard to the degree of care and skill exercised, and even though the fault of an independent contractor had permitted the defect through which the damage resulted. *Cuff* v. *Newark and New York Railroad Co.*, 6 *Vroom* 17, 574. But in the case of a corporation organized under our statutes (*Pamph. L.* 1896, *pp.* 277, 322) to supply electricity for light, heat and power, this responsibility must be modified, for the introduction of the current is thus legalized, and hence cannot be regarded as *per se* a nuisance. *Beseman* v. *Pennsylvania Railroad Co.*, 21 *Id.* 235; *S. C.*, 23 *Id.* 221. This modification, however, should go no further than is necessary to bring the rule of responsibility into harmony with the legislation. *Salmon* v. *Delaware, Lackawanna and Western Railroad Co.*, 9 *Id.* 5. There is nothing in the ·statutes which need relieve these companies.from responsibility for the exercise of due care and skill in the introduction of their current, and since, outside of the statutes, that responsibility would rest directly upon the party using such an agency, notwithstanding the intervention of an independent contractor, there appears no reason why it should not still be considered an inevitable obligation. It is a general doctrine of the law that where there is a direct personal obligation imposed upon a party that obligation cannot be evaded by employing some one else to fulfill it; actual fulfillment is necessary. *Hole* v. *S. S. Railway Co.*, 6 *H. & N.* 488; *Marvin Safe Co.* v. *Ward*, 17 *Vroom* 19, 25; *Khron* v. *Brock*, 144 *Mass.* 516; *Steamship Company* v. *Ingebregsten*, 28 *Vroom* 400.

These considerations lead to the conclusion that the electric company was bound to exercise due care and skill, either in installing the apparatus by its own agents or in examining to see that it had been properly installed by others. The New York Court of Errors and Appeals enforced this doctrine

in *Sehmeer* v. *Gaslight Company,* 147 *N. Y.* 529, where it was held that the defendant was required, before it permitted gas to be turned into pipes newly installed by other parties, to exercise reasonable care and skill in inspecting the pipes so as to ascertain whether they were in proper condition for use.

The application of that doctrine to the case in hand sustains the verdict, for the evidence warranted the jury in finding that reasonable inspection of the apparatus, as it was left by the electrician, would have discovered the loose wire in the binding post, and reasonable care and skill would have remedied the defect at once.

The rule for a new trial should be discharged.