CATHERINE McGEE *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

ROSANNA McGEE *vs.* SAME.

SARAH McNEIL *vs.* SAME.

MABEL DOWNEY *vs.* SAME.

Suffolk.    January 10, 1905. — March 6, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence.    Elevated Railway.    Ice and Snow.*

A person knocked down by the falling of a quantity of snow from above while he is walking under the elevated structure of a street railway company cannot hold the company liable for an injury thus caused if he cannot show where the snow came from and it is purely a matter of conjecture whether it came from the elevated structure.

LATHROP, J.   These are four actions of tort brought by four girls, for personal injuries alleged to have been received by them on December 9, 1901, while passing along the sidewalk of Harrison Avenue in Boston, near Beach Street.   The declaration in each case alleges the negligence of the defendant, its agents and servants, in throwing or causing to fall upon the plaintiffs from the overhead tracks of the defendant a large quantity of snow and ice.   In the Superior Court the cases were tried together, and at the close of the evidence for the plaintiffs the judge directed a verdict for the defendant in each case ; and the cases are before us on the plaintiffs' exceptions.

It seems to us that the judge was clearly right in giving the ruling excepted to.   The only witnesses called were the plaintiffs and the weather forecaster in the employ of the United States in Boston.   The plaintiffs testified merely to the fall of a quantity of snow which knocked them down while they were walking under the elevated structure of the defendant.   The weather forecaster testified that it appeared from his records that there was a snow storm on December 3 and 4, amounting in all to nine inches; that the temperature was below freezing on the 5th, 6th and 7th ; that it did not rise above the freezing point until midnight ; and that it had reached the thawing point at 8 P. M. on the 8th, and was thawing slightly until the following morning at eight o'clock, when he should expect it to thaw substantially.

While the testimony of the last witness shows a thaw on the morning of the accident, the testimony of the plaintiffs fails to show where the snow came from, whether from the elevated structure or from the buildings abutting on the sidewalk, which were owned by other persons than the defendant.   It is purely a matter of conjecture where the snow came from.   The burden of proof was upon the plaintiffs to show that the snow came from the defendant's structure, and this they have not done. *Kendall* v. *Boston,* 118 Mass. 234.   *Corcoran* v. *Boston & Albany Railroad,* 133 Mass. 507.   *Wadsworth* v. *Boston Elevated Railway,* 182 Mass. 572, and cases cited.

At the argument it was contended that the snow might have come from the roof of a building occupied by the defendant and used by it as a station from which steps proceed to the

tracks above.   This building appears from the photographs put in evidence by the plaintiffs to be a small one story building with a flat roof.   It is obvious that snow could not have come from this building by force of gravity, and there is no evidence that the roof was being cleared by manual labor.   The whole matter is left still in conjecture.

*Exceptions overruled.*

*J. J. Feeley,* (*R. Clapp* with him,) for the plaintiffs.

*E. P. Saltonstall & S. H. E. Freund,* for the defendant.