## HELEN A. CONNORS *vs.* ANNIE L. RICHARDS.

Suffolk. March 25, 1918. — May 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Of one owning or controlling real estate. *Evidence,* Presumptions and burden of proof. *Release. Contract,* In writing, Construction. *Agency,* Existence of relation, Scope of employment.

At the trial of an action by a woman against the owner of a building in a city for personal injuries alleged to have been received when a piece of ice fell from the building upon the plaintiff, the plaintiff testified in direct examination that the ice fell from the building. Later she testified that it fell from the roof and was about a foot long and from four to five inches wide and from four to five inches thick. On cross-examination she testified that she did not know where the ice came from. *Held,* that it was for the jury to choose between these contradictory statements, and that a finding was warranted that the ice fell from the roof of the defendant's building.

In the foregoing action it was admitted that, although parts of the defendant's building were rented to tenants, the roof was under the defendant's care and control, and it was *held* that, if the jury found that ice of the size described by the plaintiff came from the roof and struck the plaintiff, they would be warranted in finding for the plaintiff.

At the trial of an action for personal injuries from being struck on the head by a piece of ice falling from a building of the defendant, there was evidence that the same piece of ice damaged the plaintiff's muff, that the superintendent of the building sent the plaintiff with the janitor to a lawyer's office, where the plaintiff first was offered $2 "for the damage done her muff;" that after further talk $5 was paid, that before receiving this amount a release of all demands was drawn up in duplicate by a young woman in the office who, when she presented it to the plaintiff for her signature, said it was a "receipt for $5 for damage to her muff," and that the plaintiff, relying on that representation, signed the release. The defendant produced both duplicate originals of the release and relied upon them. *Held,* that the jury were warranted in finding that the representations as to the releases were made and that they were binding upon the defendant; and that the release therefore did not bar the action.

TORT for personal injuries caused by being struck upon the head by a piece of ice falling from a building of the defendant on State Street in Boston. Writ dated May 2, 1916.

In the Superior Court the action was tried before *Hall,* J. The statement in the record as to the second release, mentioned in the opinion, was as follows: "The defendant called the plain-

tiff as a witness and showed her another release, which the plaintiff testified bore her signature, but did not remember signing. It bore the same date and wording as the first release signed by the plaintiff, and it was agreed by the parties that this second release was a carbon duplicate of the first release and was signed at the same time the first release was signed."

Other material evidence is described in the opinion. At the close of the evidence the defendant moved that a verdict be ordered for her. The motion was denied. The defendant then asked for the following rulings:

"1. There is no sufficient evidence of the negligence of the defendant or the defendant's agents or servants and therefore the plaintiff is not entitled to recover.

"2. If the jury find that the top floor of the building number 114 State Street was at the time of the plaintiff's accident let wholly to one tenant, then the plaintiff is not entitled to recover.

"3. It is wholly conjectural from what part of the defendant's building the ice fell which the plaintiff claims injured her and therefore she is not entitled to recover.

"4. There is no evidence to vitiate the release signed by the plaintiff and therefore she cannot recover.

"5. If the evidence is sufficient to vitiate the release first offered in evidence, there is nothing to break the force and effect of the second release introduced in evidence and therefore the plaintiff cannot recover.

"6. If the jury find that the plaintiff received no substantial physical injury and that such injuries as she may have sustained were the result of fright merely, she is not entitled to recover.

"7. There is no evidence that what was said by the stenographer to the plaintiff to show that said stenographer in saying what she did say was acting within the scope of her employment."

The rulings were refused.

The jury found for the plaintiff in the sum of $700, and the judge reported the case to this court, judgment to be entered on the verdict if his rulings were correct; otherwise, judgment to be entered for the defendant.

*C. S. Knowles*, for the defendant.

*J. T. Cassidy & P. Mansfield*, for the plaintiff, submitted a brief.

CARROLL, J.  The plaintiff was injured by ice falling from the defendant's building.  Parts of the building were rented to tenants, but the defendant admitted that the gutters and the roof were in her charge and control.  The statutory notice was seasonably given, and there was evidence that the plaintiff was in the exercise of due care.  She testified, in substance, that the ice struck her on the head and "bounding, struck her muff and cut a tail off it;" that the superintendent of the building sent her with the janitor to a lawyer's office where she signed a receipt executed in duplicate, under seal, in full of all demands, the consideration being $5.  The jury found for the plaintiff in the sum of $700.

In one part of her direct evidence the plaintiff said the ice fell from the building.  Later she testified that it fell from the roof and was about a foot long and four to five inches wide and four to five inches thick.  On cross-examination she said she did not know where it came from.  It was for the jury to choose between these contradictory statements.  *Tierney* v. *Boston Elevated Railway,* 216 Mass. 283.  *Kane* v. *Boston Elevated Railway,* 218 Mass. 101.  If they believed that a piece of ice of the size described by the plaintiff fell from the roof of the building, it being admitted that the roof was under the defendant's care and control, they could find the defendant was negligent.  *Shepard* v. *Creamer,* 160 Mass. 496.  *Shipley* v. *Fifty Associates,* 101 Mass. 251.  *Brewer* v. *Farnam,* 208 Mass. 448.  *Green* v. *Carigianis,* 217 Mass. 1.  *Yorra* v. *Lynch,* 226 Mass. 153.

The defendant contends that it was entirely conjectural from what part of the building the ice fell, — that it may have fallen from the portion of the building controlled by the various tenants.  That would be true were it not for the direct testimony of the plaintiff that the ice fell from the roof; and it was for the jury to say how far they relied on this statement.

According to the plaintiff's testimony, which on the record does not appear to have been contradicted, the first offer made her was $2 "for the damage done her muff," but after some further talk $5 was paid; before receiving this amount the release was drawn up by a young woman in the office who, when she presented it to the plaintiff for her signature, said it was a "receipt for $5 for damage to her muff," and the plaintiff relying on this representation signed the release.  It is not in evidence .

that at this time any claim was made for damages on account of personal injury; and the conversation concerned the personal property damage only. These facts bring the case within the rule stated in *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447, 454. It was for the jury to say whether the plaintiff signed the writing relying on the misrepresentation that it was a receipt merely for the damage to her property, and if they so found they could find that she was not deprived of her right to recover for injuries to her person. *Freedley* v. *French*, 154 Mass. 339. *Larsson* v. *Metropolitan Stock Exchange*, 200 Mass. 367. From all the evidence disclosed by the record, the representations as to the contents of the release were binding upon the defendant. Both of the duplicate originals of the release were part of the same transaction and the same representations applied equally to each of them.

In accordance with the report, judgment is to be entered for the plaintiff for the amount of the verdict, with interest from June 22, 1917, and costs.

*So ordered.*