WILLIAM McCARTHY *vs.* THOMPSON SQUARE THEATRE COMPANY.

Suffolk.  December 3, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Of one controlling real estate, Fire escape.  *Way,* Public.

The proprietor of a theatre who maintains on the side of the building and overhanging a public way a fire escape, built to be suspended almost horizontally in a balanced position when it was not in use and equipped with a fastener and a counter weight so that, if the fastener was released and the balance disturbed, it descended with great force to the sidewalk, is under a duty so to maintain it as not to cause injury to travellers on the way.

At the trial of an action for personal injuries received when the fire escape above described descended and struck the plaintiff, a traveller on the public way, there was evidence that many times before the plaintiff was injured patrons of the defendant made their exit through a side door which led from the balcony to the platform of the fire escape, about fifteen feet above the sidewalk, and then passed down to the street, and that a man had been stationed for eight years at the fire escape door. *Held,* that

(1) It was a question of fact whether the defendant in the exercise of ordinary care should have known that patrons were using the fire escape as a means of exit, and whether suitable precautions were taken to guard against such use to the plaintiff's harm;

(2) It was proper to refuse to order a verdict for the defendant.

TORT for personal injuries received when the plaintiff, lawfully on a highway, was struck by a descending fire escape

maintained on a theatre building by the defendant. Writ dated April 1, 1920.

In the Superior Court, the action was tried before *Whiting*, J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $1,700. The defendant alleged exceptions.

The case was submitted on briefs.

*S. Sigilman*, for the defendant.

*G. L. O'Hara & T. F. Leonard*, for the plaintiff.

BRALEY, J. While walking in a public way, the plaintiff, a boy eight years of age, whose due care is not questioned, was struck and injured by the fall of a fire escape, which it is alleged the defendant negligently maintained and used. The jury found for him, and the case is here on the defendant's exceptions to the denial of a motion for a directed verdict, and to the refusal to give its eighth and tenth requests. The following findings were warranted on the evidence.

The defendant corporation, a lessee, operated on the day of the accident and for years prior thereto a moving picture theatre in a building at the corner of Green Street and Main Street, public ways in the Charlestown district of the city of Boston. Attached to the outside wall of the building on the Green Street side was a fire escape leading from an exit in the balcony of the theatre to the sidewalk. It was suspended almost horizontally in a balanced position when it was not in use, and the theatre, balcony, exit, and fire escape were under the defendant's control. The fire escape was equipped with a device or fastener and a counter weight so adjusted that when not in use it remained in a horizontal position. If the fastener was released and the balance disturbed, it descended with great force to the sidewalk. The plaintiff, after attending the theatre in the afternoon of January 24, 1920, came out and, while he was passing along the sidewalk, the fire escape came down, felling him to the ground.

The defendant contends there was no evidence of its negligence. It was in control of the demised premises, and while the fire escape was lawfully there, and of itself was not a

nuisance, the duty of so maintaining it as not to cause injury to travellers rested on the defendant. *Khron* v. *Brock*, 144 Mass. 516. *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47. But even if there was no proof of want of repair or defective adjustment, there was evidence for the jury that many times before the plaintiff was injured patrons of the defendant made their exit through a side door which led from the balcony to the platform of the fire escape, about fifteen feet above the sidewalk, and then passed down to the street. The son of the defendant's treasurer, apparently connected with the company, testified that at numerous times the fire escape was down, and a man had been stationed for eight years at the fire escape door, and "he presumed this man was there on the day of the accident." It was however a question of fact whether the defendant in the exercise of ordinary care should have known that patrons were using the fire escape as a means of exit, and whether suitable precautions were taken to guard against such use to the plaintiff's harm. *Sawyer* v. *Boston Elevated Railway*, 243 Mass. 469, 471. *Warner* v. *Fuller*, 245 Mass. 520.

The motion was denied rightly, and the requests that there was no sufficient evidence to warrant a finding that at the time of the accident the defendant negligently permitted persons to leave the theatre by way of the fire escape, and that there was no sufficient evidence to warrant a finding that negligence on the part of the defendant was the proximate cause of the plaintiff's injuries, were properly refused.

*Exceptions overruled.*