ISABELLE HUNT *vs.* LANE BROTHERS COMPANY.

Suffolk.    May 11, 1936. — June 29, 1936.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, One owning or controlling real estate, Res ipsa loquitur, Independent contractor, Falling glass.

The owner of a building in control thereof could be found to be liable for injury to a traveller on an adjacent public way caused by pieces of glass falling upon him in a windstorm, where there was evidence that the glass was left a month before on a fire escape and window sill by an independent contractor working on the building and meanwhile had not been discovered and removed by the owner.

The unexplained falling of glass from a building was itself some evidence of negligence of the person in control of the premises.

TORT.  Writ in the Superior Court dated July 13, 1934.

The action was heard by *Fosdick*, J., without a jury. There was a finding for the plaintiff in the sum of $615. The defendant alleged exceptions.

The case was submitted on briefs.

*R. L. Mapplebeck & J. Levensohn*, for the defendant.

*S. Eisenstadt*, for the plaintiff.

PIERCE, J.   This is an action of tort, brought by the plaintiff to recover damages for personal injuries sustained on January 13, 1934, at about 5:30 P.M., while, in the exercise of due care, she was walking along Atlantic Avenue, Boston, in front of the defendant's premises numbered 555. The case was tried in the Superior Court without a jury. "At the end of the evidence," which must be assumed to be "the end of evidence set out in the bill of exceptions," the defendant, before final argument, presented the following requests for rulings: "1. Upon all of the evidence and pleadings, the plaintiff is not entitled to recover. 2. Upon all of the evidence, there is no evidence to warrant a finding that the defendant was negligent. 3. The plaintiff has not proven by a fair preponderance of the evidence that the defendant was negligent. 4. There is no evidence to warrant a finding

that any glass fell from the defendant's building.  5. Even assuming that there was glass on the fire escape of the defendant's building, there is no evidence to warrant a finding that the glass got there through the negligence of the defendant or its agents or servants.  6. Assuming that glass was left on the fire escape of the defendant's building by some third person not in the employ of or under the control of the defendant and the defendant was not negligent in discovering the same, the finding should be for the defendant.  7. Negligence on the part of the defendant cannot be inferred solely from the fact that glass fell from some portion of the building." These requests were denied and the defendant duly and seasonably excepted.  The judge found for the plaintiff and assessed damages.

The testimony for the plaintiff, which was not contradicted by the defendant, warranted a finding that the plaintiff on the evening in question, while walking on the sidewalk in front of the building owned by the defendant, heard glass falling; that she was struck on the back, left shoulder and left hand by some falling glass; that she received a severe cut on the wrist; and that immediately afterwards she noticed some fragments of glass on the sidewalk.

There was testimony from one Salva Ventullo which warranted a finding that he was walking along the sidewalk at the time of the accident to the plaintiff; that when he was opposite the defendant's premises he heard a rattle above as if something were loose; that he looked up and saw glass coming from overhead in front of the defendant's building; that he ducked toward the side of the building and immediately there was a crash of some falling glass; and that there were considerable fragments of glass on the sidewalk and in the gutter immediately adjacent to the defendant's premises.

The testimony of Alexander Vogt, an investigator, called by the plaintiff, warranted a finding that within a day or two after the accident he called at the defendant's place of business and made a complete inspection of the windows; that on inspecting the premises from the inside he found that none of the windows was broken and none had the appear-

ance of having been recently renewed or installed; that he looked for broken glass upon the defendant's premises and found a pane of glass from six to nine inches square lodged on the second landing of the fire escape in front of the defendant's building; that he examined the glass found on the fire escape and the glass found in front of the defendant's premises and they were the same; that he examined a broken window in a building adjacent to the defendant's building and occupied by the New England Waste Company; that the fragments of glass remaining in the window were unlike the fragments which he noticed on the sidewalk in front of the defendant's place of business; and that the remaining glass in the broken window was very dirty, while the fragments of glass on the sidewalk were much cleaner.

The testimony of Joseph F. Condon, called by the plaintiff, warranted the finding of the following facts: He was a police sergeant of the city of Boston. About an hour after the accident he went to the defendant's place of business to determine whether or not there had been a burglary there. He went up the fire escape on the outside and examined the windows to see if any had been broken. He found no broken windows in the defendant's premises. He found on the fourth floor a window with a new pane of glass in it which appeared to him to have been recently installed, because this window was clean while the others were dirty; on the sill of that window he found some fragments of glass. It was dark at that time, and raining and storming, and the wind was blowing hard.

The defendant's testimony warranted a finding that there had been no repairs made on any of its windows for about a month prior to the time of the accident; that all repairs made on the building were made by Berrigan and Company, carpenters and jobbers; and that on the Monday following the accident a representative of the defendant noticed broken glass on the sidewalk in front of its building, and on investigation found pieces of glass on the fire escape on the second floor.

Berrigan, called by the defendant, testified, in substance, that when notified he made necessary repairs and charged

the defendant for the work done; that he worked on the windows at 555 Atlantic Avenue between December 14 and 18, 1933; that a burglar system was installed about that time and the men worked on the outside; and that he did not have any written record of the dates he made repairs on the defendant's premises with him, but had looked it up before coming to testify.

One Seeley testified, in substance, that he was in the employ of the defendant; that around January 13, the day of the accident, his attention was directed to some glass on the sidewalk in front of the defendant's building; that he was asked by the defendant to inspect the windows on the outside, and did so; that he found glass on the fire escape on the Monday morning following the accident; and that it "looked something like the glass which he found on the sidewalk."

There was testimony that about 12:30 P.M. on the day of the accident, as well as every week day excepting Saturday, an employee of the defendant examined all the windows in the defendant's premises from the inside of the building for the purpose of seeing whether or not they were locked; and that at 12:30 P.M. on the day of the accident the windows were in good condition and there was no broken glass about any of the windows on the inside.

There was testimony that the adjacent building occupied by the New England Waste Company was a five-story building, while that of the defendant was a four-story building; that on the fifth floor of the building occupied by the New England Waste Company there was a window which had been broken for many years; and that the window was boarded up but fragments of a broken pane of glass were found in the window after the accident to the plaintiff.

Assuming in favor of the defendant that its requests for rulings "At the end of the evidence" are the equivalent of a statement that the requests for rulings were presented to the court at the close of all the material evidence, it is obvious that the bill of exceptions shows no sufficient evidence to support so much of the answer as alleges "that the injuries alleged were caused in whole or in part by plain-

tiff's own negligence." G. L. (Ter. Ed.) c. 231, § 85. The uncontradicted evidence shown by the record warranted findings that the plaintiff was in the exercise of due care; that at 5:30 P.M. on January 13, 1934, she was walking on the sidewalk which is adjacent to the defendant's building; that it was raining and storming and the wind was blowing hard; that while she was walking in front of the defendant's premises she was struck by some falling glass and received substantial injuries; that the glass came from overhead in front of the defendant's building; that about an hour after the accident glass was found on the outside sill of a window on the fourth floor of the defendant's building; that this window had a new pane of glass in it which had been recently installed; that there were pieces of glass, one piece six to nine inches square, lodged in a landing of the fire escape in front of the defendant's building; and that the broken window of an adjoining building, covered by a shutter, afforded no evidence that fragments of glass in that broken window had escaped through the shutter or through the interstices in the side of the shutter and had lodged on the defendant's premises before the accident, or were blown at the time of the accident in front of the defendant's building and then fell to the sidewalk. Manifestly the evidence warranted a finding that the new glass came from the defendant's building and not from the adjoining building. It also warranted a finding that windows in the defendant's building were glazed between December 14 and 18, 1933, from the outside and that the fragments of glass found on the window sill and fire escape were left by the glazier or his servants through some oversight or negligence.

The fact, if believed by the judge, that a window over the sidewalk on the fourth floor of the defendant's building was glazed by an independent contractor between December 14 and 18, 1933, in such a manner that fragments of glass were left on the window sill and fire escape landing through inadvertence or negligence of an employee of the contractor affords no defence to this action, because it was the duty of the defendant, at least after the departure of the contractor, to ascertain whether any objects of peril to persons on

the street were left on the window sill or fire escape which would be likely to be projected into the street, particularly if such objects were easily movable by rain in conjunction with hard blowing wind. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 153, and cases cited. *Khron* v. *Brock*, 144 Mass. 516. *Woodman* v. *Shepard*, 238 Mass. 196, 199. There is no evidence in the record that the defendant or its servants examined or inspected to any extent the exterior of the building or the fire escape between December 18, 1933, and the day of the accident. It was said in *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, at page 153, that "The owner of a building, under his control and in his occupation [the instant case], is bound, as between himself and the public, to keep it in such proper and safe condition, that travellers on the highway shall not suffer injury . . . [cases cited]. It is the duty of the owner to guard against the danger to which the public is thus exposed, and he is liable for the consequences of having neglected to do so, whether the unsafe condition was caused by himself or another." It is not argued by the defendant that the window sill and fire escape, from which the glass could have been found to have fallen, were not under the management of the defendant or its servants. A finding was warranted that objects such as glass do not ordinarily fall from buildings upon travelers on the highway if due supervision is exercised by those in charge of the building, and the fact that such objects fell was sufficient evidence to establish a lack of due care if no other adequate explanation of the falling appeared. See *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 450; *Roscigno* v. *Colonial Beacon Oil Co., ante,* 234.

We do not discuss the individual requests for rulings. It is sufficient to say that we find no reversible error in the refusal of the judge to give any of them.

*Exceptions overruled.*