Pettingell, J.
Action of tort. The plaintiff was injured while in the defendant’s store as a customer. As she walked in one of the aisles to get the articles previously purchased by her, a crate of oranges dropped from a hand truck operated by one Butera and struck her in the ankle. The trial judge found for the plaintiff.
There was evidence to the effect that Butera was in the employ of one Arena, who was carrying on in the defendant’s store an independent fruit business, or concession; *72 that neither the defendant nor any one connected with it had any supervision over Arena; that he was not in the defendant’s employ, and that the crate of oranges which fell on the plaintiff was owned by Arena and was about to be placed in the concession for sale to the general public. There was evidence, also, that there were no signs or posters indicating that this concession was owned by Arena or calling the attention of the public to his ownership ; that the contract existing between the defendant and Arena was an oral contract, and that the defendant was to receive from Arena five percent of the gross receipts taken in by bim. This oral contract stipulated that no supervision over Arena or his employees would be exercised by the defendant.
The defendant relies for prejudicial error upon the denial of the following requests for rulings:
1. “There is no evidence in this action on which a finding can be made that the defendant was negligent.”
4. ‘ ‘ The proprietor of a store is not liable for the negligence of an employee of a concessionaire, unless there is evidence of negligence on the part of the proprietor in selecting the concessionaire.”
5. “The proprietor of a store is not liable for the negligence of tile employees of its concessionaire when no sort of supervision on the part of the proprietor could have avoided the negligent conduct of the employees of the concessionaire. ’ ’
The trial judge disposed of the fourth and fifth requests by the following statement:
“Nos. 4 and 5, not according to fact; finding of fact made that the so-called concessionaire was an agent.”
In other words, the trial judge did not believe the evidence of the defendant that Arena, the “so-called conces *73 sionaire”, had a concession which made him independent of the defendant hut was actually the defendant’s agent, selling the fruit for the defendant. If the operator of the hand truck was an employee of Arena, and Arena had authority from the defendant to employ him, he was the sub-agent of the defendant who was responsible for his acts. H. D. Watts Co. v. American Bond & Mortgage Co., 272 Mass. 84, at 89, 90. The trial judge could have found from the evidence reported that Arena had such authority to employ Butera.
There was evidence, also, from which the trial judge could have found negligence on the part of Butera. To operate a hand truck in the aisle of a store so that a heavy article such as a crate of oranges falls from the truck and strikes a customer is some evidence of negligence, either in the loading of the truck or in the handling of it. A hand truck is peculiarly within the control of its operator. It goes only as he propels it and if propelled with proper care, its load, if carefully placed and balanced, does not fall off. The facts bring this part of the case within the rule that in the absence of any sufficient explanation of the accident on the part of the defendant, the circumstantial evidence of negligence justifies a finding for the plaintiff. Copson v. New York, New Haven & Hartford R. R., 171 Mass. 233, at 234. Magee v. New York, New Haven & Hartford R. R., 195 Mass. 111, at 113. Washburn v. R. F. Owens Co., 252 Mass. 47, at 54, 55. Washburn v. R. F. Owens Co., 258 Mass. 446, at 450. Navien v. Cohen, 268 Mass. 427, at 431. Bryne v. The Great A. & P. Tea Co., 269 Mass. 130, at 131. Hunt v. Lane Bros. Co., 294 Mass. 582, at 587. Garrett v. M. McDonough Co., 297 Mass. 58, at 61.
Thus far, we have treated the case on the theory held by the trial judge that there was no concession but an *74 agency on the part of Arena. The defendant has argued the case on the theory that there was a concession and that the defendant was under no liability if he exercised due care in selecting a concessionaire.
There are two answers to the defendant’s contention. In the first place, the defendant could be found to be liable upon the theory of such cases as in Timmins v. F. N. Joslin Co., Mass. Adv. Sh. (1939) 1281, at 1282, and Barron v. McClellan Stores Co., Mass. Appellate Division Reports Vol. 4, No. 6, 423, at 426, 427. In those cases, and the cases cited in them, the defendant’s liability is based upon his holding himself out as the proprietor of the entire store, without notice to the public that he has put some portion or activity of it outside his control. “Knowingly to lead a person reasonably to .suppose that you offer and to offer are the same thing”, Timmins v. F. N. Joslin Co., supra. The instant case can be disposed of on this theory of “equitable estoppel”, there being evidence that there were no signs in the defendant’s store indicating to the public that some other person was operating part of it. The contention of the defendant that “equitable estoppel” applies only in actions of contract and not to actions of tort, we consider unsound and without authority.
The case can also be disposed of on the principle of the duty owed to business visitors by an occupant of premises who permits independent contractors or concessionaires to make use of them. The rule is stated in the American Institute, Restatement of the Law of Torts, Vol. II, Negligence, Section 344, as follows:
“A possessor of land who holds it open to the entry of the public for his business purposes is subject to liability to members of the public entering for such *75 purposes for bodily harm caused to them by his failure to exercise a reasonably careful supervision of the appliances or methods of an independent contractor or concessionaire whom he has employed or permitted, to carry on upon the land an activity which is directly or indirectly connected with his business use thereof.”
This rule states a different duty from that set out in the defendant’s fourth requested ruling. The defendant’s entire defence is predicated upon the non-existence of any duty of supervision, because of a contractual arrangement with the alleged concessionaire. Upon this theory of the ease there was no error in the denial of the fourth requested ruling which does not correctly state the law. There was no error in the denial of the fifth which is predicated upon a fact, that “no sort of supervision on the part of the proprietor could have avoided the negligent conduct”, which was not necessarily to be inferred as matter of law from the evidence. Carnes v. Howard, 180 Mass. 569, at 572. Bradley. v. Meltzer, 245 Mass. 41, at 43. Shay v. Gagne, 275 Mass. 386, at 390. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 325. Simpson v. Eastern Massachusetts St. Ry. Co., 292 Mass. 562, at 565, 566.
No prejudicial error appearing in the disposition of the rulings requested by the defendant, the report is to be dismissed.