DOMENICO FAROLATO *vs.* SPRINGFIELD FIVE CENTS
SAVINGS BANK.

DOMENICO FAROLATO, JUNIOR, *vs.* SAME.

Hampden.   September 18, 1941. — February 24, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence,* One owning or controlling real estate, Use of way, Glass.

A finding, that negligence of the owner of a vacant house about ten
feet from a public sidewalk caused injuries sustained by a traveller
from slipping and falling on glass which came on the sidewalk from
broken windows of the house, was not warranted where there was no
evidence that the defendant put the glass there or that, if it came
there as an immediate result of the breaking of the windows, the
breaking was due to any act of the defendant or want of repair of the
house, or that it came there because of a dangerous condition of the
house consisting of broken windows which had existed for an un-
reasonable time before the injury.

TWO ACTIONS OF TORT.   Writs in the Superior Court
dated December 19, 1936.

The actions were tried together before *Broadhurst,* J.,
and in this court were submitted on briefs.

*R. W. King & L. G. Angers,* for the plaintiffs.

*H. P. Small & C. R. Brooks,* for the defendant.

FIELD, C.J.   These two actions of tort were brought in
the Superior Court.   One action was brought by a minor
by his next friend to recover compensation for personal
injuries sustained by him as a result of slipping and falling
on broken glass on a sidewalk in front of the defendant's
premises.   The other action was brought by the father of
the minor plaintiff to recover consequential damages.   The
declaration in each case was in two counts, one count
alleging negligence of the defendant, its agents or servants,
in allowing broken glass to remain on the sidewalk for a
long period of time, the other count alleging negligence of
the defendant in suffering its building to be and remain

out of repair and dangerous to travellers over the street, "whereby the glass from the windows in said building fell upon the sidewalk," and the minor plaintiff travelling upon said street "was caused to slip and fall upon said glass." The cases were heard upon evidence and an offer of proof. The judge in each case ruled upon the evidence, "together with the offer of proof, that the plaintiff would not be entitled to recover" and granted the defendant's motion for a directed verdict. In each case the plaintiff excepted.

There was no error.

It seems not to be controverted that the minor plaintiff sustained injuries in the manner alleged. The cases appear to have been tried on this basis. Consequently we deal solely with the question whether the evidence, together with the offer of proof (which, for convenience, we refer to herein as evidence), would have warranted a finding of negligence on the part of the defendant under either count of the declarations. The declarations are based solely on negligence, and it must be taken that the judge ruled and directed verdicts with these declarations before him. *Brasslavsky* v. *Boston Elevated Railway*, 250 Mass. 403, 404.

According to the evidence, the sidewalk upon which the minor plaintiff slipped and fell was about ten feet from the front of a house "owned by the defendant and under its control for some time prior to and at the time of the accident . . . on November 29, 1936," and there was a lawn with a down grade toward the sidewalk. This house, according to the evidence, was "an old duplex house," the "upper easterly tenement . . . [of which] was unoccupied from March 13, 1935, and the westerly tenement from November 1, 1936," and there "were at least four windows on the front of this dwelling house" toward the street, the window frames of which "contained four panes."

The evidence upon which the plaintiffs seek to impose liability on the defendant for the injury to the minor plaintiff was that approximately "two weeks prior to the date of the alleged accident an agent of the defendant, upon visiting the premises, observed broken window glass on the inside of the house, and saw only two panes of window

glass broken in one window frame," and, as stated in the offer of proof, that "most of the glass in the front windows of the defendant's house was broken, and that broken glass was on the sidewalk for a period of about a month prior to the accident; that about two weeks before the accident a large piece of glass blew out and broke on the grass, pieces flying onto the sidewalk; that there was no other glass broken in houses near by. The glass over which the plaintiff fell compared with glass left in the window frames of the defendant's house on November 29; the putty was loose and broken around where the glass had been installed in the frames in the front windows."

Even if we assume in favor of the plaintiffs that a finding would have been warranted that the broken glass upon which the minor plaintiff slipped and fell came from the windows of the defendant's house, it does not follow that it could have been found that injury to the minor plaintiff was caused by negligence of the defendant.

Unless the unsafe condition of the sidewalk resulted from a wrongful act or omission of the defendant, it had no duty — breach of which would constitute negligence — to keep the sidewalk in a reasonably safe condition for the use of travellers. *Nelson* v. *Economy Grocery Stores Corp.* 305 Mass. 383, 387. Unless the broken glass came upon the sidewalk by reason of a wrongful act or omission of the defendant, the defendant was under no duty to remove the broken glass or to guard against injury therefrom to travellers on the sidewalk. *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183, 184–185. *Bamberg* v. *Bryan's Wet Wash Laundry Inc.* 301 Mass. 122, 124.

There was no evidence from which it could be found that the broken glass upon which the minor plaintiff slipped and fell was put upon the sidewalk by the defendant, its officers or agents. In this respect the cases differ from *Agnew* v. *Franks*, 255 Mass. 539, 541–542, relied on by the plaintiffs. And if this broken glass came upon the sidewalk by reason solely of a negligent or unlawful act of a stranger on the premises, the defendant would not be liable for injury sustained therefrom. *Gray* v. *Boston Gas Light Co.* 114 Mass.

149, 153. Even if the glass upon the sidewalk came from the windows of the defendant's house, there is no direct evidence as to how the windows were broken and the glass therefrom came upon the sidewalk, except in one instance, when a "large piece of glass blew out and broke on the grass, pieces flying onto the sidewalk." It is conceivable that there were other like instances, or that the windows were broken by strangers unlawfully upon the premises, the pieces flying upon the sidewalk or being put thereon by such strangers. There was, therefore, no liability upon the defendant by reason of the broken glass being on the sidewalk unless on the ground of the defendant's failure to use "proper care" to keep the premises owned by it and under its control "in such proper and safe condition, that travellers on the highway shall not suffer injury." *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 153. See also Am. Law Inst. Restatement: Torts, § 365.

The evidence, however, would not warrant a finding of any failure of the defendant to use such "proper care," as a result of which failure the broken glass came upon the sidewalk. The law does not make the owner of an ordinary building, such as a dwelling house, "insure against all that may happen, however little to be foreseen." *Quinn* v. *Crimmings*, 171 Mass. 255, 258. *Ainsworth* v. *Lakin*, 180 Mass. 397, 399–401. See also *Cork* v. *Blossom*, 162 Mass. 330, 333; *Blanchard* v. *Reynolds*, 236 Mass. 596, 598. There is nothing in the evidence to show that, before the windows were broken, the defendant's premises were not in a proper and safe condition or that the defendant could reasonably be expected to anticipate and prevent the windows being broken by the wind or the unlawful acts of a stranger. There was no evidence that the defendant's house was then out of repair. The evidence that "the putty was loose and broken around where the glass had been installed in the frames in the front windows" is as consistent with being the result of the windows being broken as with being the cause thereof. The present cases differ from the cases of *Green* v. *Carigianis*, 217 Mass. 1, *McCarthy* v. *Thompson Square Theatre Co.* 254 Mass. 373, and

*Hunt* v. *Lane Brothers Co.* 294 Mass. 582, relied on by the plaintiffs, in each of which there was evidence that the defendant's premises were not in a proper and safe condition. See also *Khron* v. *Brock,* 144 Mass. 516; *Woodman* v. *Shepard,* 238 Mass. 196.

Finally, the plaintiffs cannot recover on the ground that the defendant's house, after the windows were broken, was not in repair but was in a dangerous condition. The governing principle is, as stated in *Green* v. *Nightingale,* 211 Mass. 273, 276, that "if the condition of a structure has been rendered dangerous by *vis major* or the act of a third person, which the owner had no reason to anticipate, he cannot be held liable for the injury or be bound to make the structure safe until he has had a reasonable time after it has become dangerous to take necessary precautions to prevent injury." See also Am. Law Inst. Restatement: Torts, § 365. Without discussing other essential elements of proof, it is enough to say that the evidence would not warrant a finding that the broken glass upon which the minor plaintiff slipped and fell came upon the sidewalk by reason of a dangerous condition of the defendant's house created by the windows being broken and continuing for a period of time thereafter, rather than as the immediate result of the breaking of the windows, at a time when, so far as appears, the house was not in a dangerous condition.

It follows that the evidence actually introduced, together with the facts that the plaintiffs offered to prove, would not have warranted a finding that the defendant was negligent. In each case the plaintiff's exceptions are overruled.

*So ordered.*