GERALD GRACI & another *vs.* MASSACHUSETTS GAS & ELECTRIC LIGHT SUPPLY COMPANY.

Middlesex.    February 15, 1979. — March 19, 1979.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Practice, Civil,* Directed verdict.

In an action by plaintiffs who were injured when some debris fell upon them while they were standing in front of a building owned by the defendant, evidence that one of the plaintiffs heard a cracking sound above him and, when he looked up, saw and felt debris consisting of wood, bricks, and glass falling down, that the building had been vacant at the time of the incident, and that the second floor windows had been broken and boarded up for quite some time was sufficient to warrant a finding that the defendant was negligent in failing to keep the building in a safe condition. [223-225]

In an action by a plaintiff who was injured when some debris fell upon him while he was standing in front of a building, there was sufficient evidence to show a causal relationship between the accident

and the plaintiff's subsequent blindness in one eye and his nasal problems. [225-226]

TORT. Writ in the Superior Court dated June 17, 1970.

The action was tried before *Cratsley*, J., a District Court judge sitting under statutory authority.

*Louis Barsky* for the defendant.

*Marcus E. Cohn* for the plaintiffs.

BROWN, J. This is an action brought by the plaintiffs in the Superior Court to recover damages for injuries they suffered when some debris fell upon them while they were standing in front of a building owned by the defendant. The defendant's motions for directed verdicts, made at the close of the plaintiffs' case and at the close of all the evidence, were denied. The jury returned verdicts for the plaintiffs, and judgments were entered accordingly. The defendant then filed what appears to be a motion pursuant to Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974), which was also denied. On appeal the defendant argues only its exceptions to the denial of the motions referred to above. See *Soares* v. *Lakeville Baseball Camp, Inc.*, 369 Mass. 974, 975 (1976).

1. In order to determine whether there was sufficient evidence to permit the case to be submitted to the jury we apply the well settled test "whether the evidence viewed in light most favorable to the plaintiff and taking all reasonable inferences favorable to the plaintiff supports the findings of negligence implicit in the jury's verdicts." *McLaughlin* v. *Bernstein*, 356 Mass. 219, 224 (1969), and cases cited. *Gelinas* v. *New England Power Co.*, 359 Mass. 119, 120 (1971). See *Poirier* v. *Plymouth*, 374 Mass. 206, 212 (1978), and cases cited. We believe the jury's determination of the issue was warranted.

The evidence pertinent to this issue is summarized. On March 26, 1970, the plaintiffs were standing on the sidewalk "right at the" front side of the building located at 233 Friend Street in Boston talking to each other. Graci testified that he heard a "cracking" sound above him and

when he looked up he saw and felt debris falling down upon him. This debris consisted of wood, bricks and glass. The building was owned by and in the exclusive control of the defendant. See *Connors* v. *Richards*, 230 Mass. 436, 438 (1918). On the day of the incident (and prior thereto) the building had been vacant, and the second floor windows above where the plaintiffs stood had been broken and boarded up for quite some time. Contrast *Farolato* v. *Springfield Five Cents Sav. Bank*, 310 Mass. 806, 809-810 (1942).

The evidence, taken in the light most favorable to the plaintiffs, was sufficient to support an inference from which the jury could have found the defendant to have been negligent. See *Gelinas* v. *New England Power Co.*, *supra* at 123. "We agree, as the defendant argues, that no specific act of negligence on the part of the defendant was shown. And we agree that the mere happening of an accident ordinarily is not sufficient to warrant a finding of negligence. But an accident may be of a kind that in the ordinary course of things would not have happened in the absence of negligence on the part of the person in control of the agency or instrumentality causing it." *Fitchburg Gas & Elec. Light Co.* v. *Samuel Evans Constr. Co.*, 338 Mass. 752, 753-754 (1959). *Coyne* v. *John S. Tilley* Co., 368 Mass. 230, 235 (1975). It is undisputed that the building was in the defendant's exclusive control and possession. And there was no evidence presented which suggested that the debris may have fallen from a source other than the defendant's building. Nor was there any suggestion that merely a window was broken, such as might have been caused by the acts of a third party throwing something at it, either from inside or outside the building. Contrast *Farolato* v. *Springfield Five Cents Sav. Bank*, *supra* at 808. The defendant, being the owner of and in control of the building, was bound, "as between himself and the public, to keep [the building] in such safe condition that travelers on the highway should not suffer injury therefrom." *Green* v. *Carigianis*, 217 Mass. 1, 2

(1914). *Blanchard* v. *Reynolds*, 236 Mass. 596, 598 (1921). *Hunt* v. *Lane Bros.*, 294 Mass. 582, 587 (1936).

The plaintiffs are not required "to exclude every other possibility of cause for [their injuries] except that of the negligence of the defendant." *Zezuski* v. *Jenny Mfg. Co.*, 363 Mass. 324, 329 (1973). And as long as they show a greater likelihood that their injuries came from an act of neglect for which the defendant was responsible it is not necessary for the plaintiffs to show the precise way in which the accident occurred. *Id. Beaver* v. *Costin*, 352 Mass. 624, 627 (1967). While no specific negligent act or omission by the defendant was shown, neither was any evidence introduced which would otherwise explain that the fall of the debris resulted from any cause other than the negligent failure to keep the boarded-up windows in a safe condition. *Navien* v. *Cohen*, 268 Mass. 427, 431 (1929). "A finding was [thus] warranted that objects such as [bricks, wood, and] glass do not ordinarily fall from buildings upon travelers on the highway if due supervision is exercised by those in charge of the building, and the fact that such objects fell was sufficient evidence to establish a lack of due care if no other adequate explanation of the falling appeared." *Hunt* v. *Lane Bros., supra* at 587.

Moreover, the failure of the defendant to produce, in response to a subpoena duces tecum, records in support of its contention that the building was maintained in a safe condition and the doors and windows were kept in reasonable repair is "foundation for the drawing of adverse inferences by the jury." *Chandler* v. *Prince*, 217 Mass. 451, 458 (1914). See *Mikkelson* v. *Connolly*, 229 Mass. 360, 362 (1918). The defendant was given the opportunity to explain the failure to produce, but the jury were warranted in disbelieving the reason given (i.e., that a van would have been needed to bring in the requested records) when they were made aware that the defendant was able to produce records for the more than seven year period between the date of the accident and the time of trial, but none for any year preceding the accident.

In sum, we think that there was sufficient evidence to permit a reasonable inference by the jury, in the absence of any contrary explanation, that the defendant had failed properly to secure defective windows located on the second floor of its building, and that what appeared to have been parts of the boarded-up windows, as well as bricks, glass and masonry sand "fell in consequence of the failure of the defendant to fasten [them] properly." *Navien* v. *Cohen, supra.* See *Zezuski* v. *Jenny Mfg. Co., supra* at 328-330. Accordingly, the jury could have found that the plaintiffs' injuries caused by falling debris were suffered as a result of the defendant's negligent failure to maintain its building in a proper and safe condition. *Knych* v. *Trustees of N.Y., N.H. & H.R.R.*, 320 Mass. 339, 342-344 (1946).

2. The defendant raises a further issue as to whether there was sufficient evidence to show a causal relationship between the accident and plaintiff Graci's subsequent blindness in one eye and his nasal problems. There was no error.

Evidence was introduced at trial that Graci had been a professional boxer and had fought about forty-five or fifty professional fights between 1965 and 1969 and that during that time he had suffered nose injuries in 1966 and head and eyelid injuries in 1968. The defendant argues that this evidence "supports an inference" that Graci's loss of sight and nose problems could have been caused by boxing injuries. We do not pause to discuss this contention because the defendant is not entitled, in its motion for a directed verdict, to have inferences drawn in its behalf. The only question here is whether there was sufficient evidence to permit the inference that the 1970 accident caused the damage to Graci's eye and nose.

The testimony of the plaintiff and his doctors to the effect that his injuries were caused by the debris was clearly sufficient to present a question of fact to be determined by the jury. "If upon any reasonable view of the evidence there is found any combination of facts from

which a rational inference may be drawn in favor of the plaintiff, the [issue] was properly submitted to the jury." *Smith* v. *Green*, 358 Mass. 76, 77 (1970). *Chase* v. *Roy*, 363 Mass. 402, 404 (1973).

3. The defendant's motion (as we understand it) pursuant to Mass.R.Civ.P. 50(b) raises no question of law not already discussed above.

*Judgments affirmed.*