**Robert W. BESSE**

vs.

**CAPEWAY WHOLESALE PLUMBING & HEATING SUPPLY, Inc.**

**No. 295**

District Court Division,
Plymouth, ss.
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**May 19, 1982**

**Vincent Galvin, Esquire,** counsel for plaintiff.

**Dennis J. Conry, Esquire,** counsel for defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Brockton upon Report from the District Court Department, Wareham Division and it is found and decided that there was prejudicial error. It is hereby

ORDERED: That the Clerk of the District Court Department, Wareham Division make the following entry in said case on the docket of said Court, namely: JUDGMENT VACATED; CASE REMANDED FOR A NEW TRIAL.

Opinion filed herewith.

Daniel H. Rider, Presiding Justice
Richard O. Staff, Justice
Charles E. Black, Justice

Patricia D. Minotti, Clerk

### OPINION

**Staff, J.** This is a civil action in which the plaintiff (Besse) seeks to recover commissions allegedly due him as a salesman from his former employer (Capeway).

The basis of the commission depended on a formula with gross sales, the cost of the goods to Capeway and Capeway's net profits as factors. The amounts of the cost of the goods and of the net profit were known only to Capeway.

Prior to the trial, Besse, apparently using the mechanism of Dist./Mun. Cts. R. Civ. P. 34, obtained from Capeway copies of lists stating the customers to whom plaintiff had sold, gross sales, cost of goods, net profit and commission payable.

The plaintiff attempted to subpoena both Capeway's keeper of the records and its bookkeeper, one Gloria Taylor. The subpoena duces tecum addressed to the keeper of the records was returned to the court, the officer's return being marked "Have [sic] no records pertaining to case." The other subpoena duces tecum is marked in the space for the officer's return "Couldn't locate Gloria Taylor." Service was attempted beginning Saturday, October 18, 1980, the date for trial being October 21, 1980. The officer did not return the summons to court before trial. The defendant's attorney was not served with a notice to produce the originals of the documents before trial.

Upon the attempt of the plaintiff to introduce the copies obtained by him as a result of his motion to produce documents, the trial court sustained the defendant's objection to the introduction

of the documents into evidence. The plaintiff objected and filed a timely written request for a report as provided in Dist./Mun. R. Civ. P. 64(a). The sole question to be determined here is the correctness of the judge's action in excluding this evidence. Although the report does not explicitly state, we infer that the plaintiff made a proper offer of proof at the time that he attempted to introduce the copies.

We may suppose that the objection to the admissibility of the evidence was either that the documents had not been authenticated, or that the documents were of a hearsay nature and not within a recognized exception to the hearsay rule. There can be little doubt as to the relevancy or materiality of the information contained within the documents.

It is obvious that the mere possession of a document, especially one appearing to have been prepared or signed by a third person, should not be treated as an admission of genuineness.

But here, the request for the production of the documents relates to actual business records prepared and kept by the defendant and within its exclusive knowledge and control. Further, these documents and the information contained therein would seem to have been used and acted on by Capeway in the ordinary conduct of its business. The inferences drawn from experience together with the fact that the disproof of genuineness, if it is actually disputed, can be easily placed into evidence by Capeway itself compel a different result than that reached by the trial court.

It was pointed out in the case of **Chandler v. Prince,** 217 Mass. 451, 458 (1914), that the unexplained failure to produce evidence called for by notice, and within the control of the party, which naturally would be produced if helpful, is foundation for the drawing of adverse inferences by the trier of fact; and in that case the court permitted a party to use copies of books of account as evidence when the books were not produced in response to a notice.

In this case, the plaintiff did more than simply offer the copies obtained by the motion for production of documents; he attempted to have served a subpoena duces tecum on both the alleged bookkeeper by name and the keeper of the records of the defendant. There is little else practically that the plaintiff could have done to obtain the information contained only in defendant's business records, and, taken in toto, the facts compel an inference adverse to defendant. See, **Graci v. Massachusetts Gas and Electric Light Supply Co.,** 7 Mass. App. Ct. 221, 224 (1979).

We think that inferences adverse to Capeway should be drawn both as to the authenticity of the documents and also as to the findings required under G.L.c. 233, § 78[1] as to the business record exception to the hearsay rule.

We also note that the contents themselves may be considered as a circumstance among others tending to authenticate a document. **Irving v. Goodimate Co.,** 320 Mass. 454, 459 (1946).

The best evidence rule permits the introduction of secondary evidence of writings if the originals which would otherwise be admissible are in the control of the adverse party and demand is made for their production. **Fauci v. Mulready,** 337 Mass. 532, 540, 542 (1958). The plaintiff here made sufficient demand by his subpoena duces tecum addressed to defendant's keeper of the records.

As the documents were improperly excluded, the case is reversed and remanded for a new trial.

**Daniel H. Rider, Presiding Justice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**

This certifies that this is the opinion of the Appellate Division in this cause.
**Patricia D. Minotti, Clerk**