Curtin, J.
Sandra M. Gosselin (“Gosselin”) alleges in this action that she was struck by falling ice and snow while on a walkway that was owned by defendant Colonial Shopping Center, Inc. (“Colonial”) and that fronted the Dunkin Donuts shop operated by defendant Valdough, Inc. (‘Yaldough”). The trial court allowed the defendants’ Mass. R. Civ. R, Rule 56 motions for summary judgment, and Gosselin filed this appeal.
Viewed in the light most favorable to Gosselin, the nonmoving party, Pellegrino v. Springfield Parking Auth., 69 Mass. App. Ct. 94, 97 (2007), the summary judgment record reveals the following facts. On the date in question, Colonial was the owner of the real property located at 49 River Street in Waltham, Massachusetts. Colonial leased a portion of that property, Unit #1, to House Plante Realty, Inc., which, pursuant to an amendment to the parties’ commercial lease, sublet Unit #1 to Valdough, which operated a Dunkin Donuts at that location. Valdough also leased the awning attached to the front portion of the building.
On March 1,2005, at approximately 2:00 P.M., Gosselin arrived at 49 River Street and entered a sandwich shop located in the same building as the Dunkin Donuts operated by Valdough. After purchasing a sandwich and a soft drink, Gosselin proceeded to Dunkin Donuts, intending to buy a coffee. While on the walkway or ramp in front of Dunkin Donuts, Gosselin heard a sound she described as “rumbling or thunder.” She was then struck in the head and neck by snow and ice that, Gosselin alleges, had slid down the roof or awning of the building. Shortly after the first impact, a second clump of snow and ice struck her in the head and neck. Gosselin remained standing in place for approximately two minutes after the second impact. She then entered the Dunldn Donuts and informed the manager that she had been struck by snow and ice.
*201 Although Gosselin claims that the snow and ice fell from the roof or awning of the building, she acknowledges that she did not personally witness anything falling; had not looked up after either impact to determine the source of the ice and snow; and had not looked for any accumulation of snow or ice on the ground where she was standing, either prior to, or after, entering the Dunkin Donuts.
Gosselin commenced this suit on October 11,2006 by filing a two-count complaint seeking recovery from the defendants for their alleged negligence and negligent design or defect. Following discovery, the defendants moved for summary judgment. On March 1,2008, the trial court allowed the defendants’ Rule 56 motions, and Gosselin has appealed those rulings.
An appellate court, in reviewing the grant or denial of summary judgment, applies the same standard utilized by the trial court. Agostini v. Pilgrim Ins. Co., 2008 Mass. App. Div. 19, 20, citing J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §56.10, at 364 (1977). That standard, so very frequently reiterated, is by now elementary. Summary judgment is appropriate when there are no genuine issues of material fact and, viewing the evidence in the light most favorable to the nonmov-ing party, the moving party is entitled to judgment as a matter of law. See Mass. R. Civ. P., Rule 56(c); Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001). The burden of affirmatively showing the absence of genuine issues of material fact is on the moving party. Jackson v. Commissioner of Correction, 40 Mass. App. Ct. 127, 130 (1996). If the moving party would not have the burden of proof at trial, “he may satisfy his Rule 56 burden either by submitting evidence that negates an essential element of the opposing party’s case, or by demonstrating that his opponent has no reasonable expectation of proving an essential element of his case at trial.” Roa v. Roberts, 2007 Mass. App. Div. 114, 115, citing Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
If the movant satisfies his Rule 56 burden, it is then insufficient for the nonmov-ing party simply to “rest on his or her pleadings and mere assertions of disputed facts.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Conclusory statements and general denials are not enough to defeat a well-pleaded motion for summary judgment. Madsen v. Erwin, 395 Mass. 715, 721 (1985). The nonmoving party must “allege specific facts which establish that there is a genuine, triable issue” that would preclude summary judgment. Community Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976).
In this case, the defendants moved for summary judgment on the grounds that Gosselin had no reasonable expectation of proving negligence given both her inability to identify the source of the snow and ice, and her failure to present any evidence that a negligent act or omission by Yaldough or Colonial created or caused a hazardous condition that led to her injuries. Negligence is established only upon proof of a defendant’s breach of a duty of care that resulted in the damages or injuries sustained by the plaintiff. Jupin v. Kask, 447 Mass. 141, 146 (2006), citing J.R. NOLAN & L.J. SARTORIO, TORT LAW §11.1, at 337 (3d ed. 2005); Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 358 (1990). It is undisputed that as the owner and possessor, respectively, of the property in question, Colonial and Valdough owed a duty of care to those lawfully on the premises, including Gosselin. Davis v. Westwood *202 Group, 420 Mass. 739, 743 (1995).[2] The extent of that legal duty, however, is one of reasonable care, and does not obligate a landowner or possessor “to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate.” Lyon v. Morphew, 424 Mass. 828, 833 (1997), quoting Gadowski v. Union Oil Co., 326 F.2d 524, 525 (1st Cir. 1964).
Gosselin has failed to advance any evidence indicating a breach of that duty of reasonable care by Colonial or Valdough. While she asserts that the snow and ice that struck her came from the roof or awning of the premises, Gosselin testified in her deposition that she had not seen the snow or ice fall, and had not noticed any accumulation of ice and snow at the place she was standing. To preserve her claim in the absence of any direct proof of negligence, Gosselin invokes the doctrine of res ipsa loquitur, arguing that an inference of negligence should be drawn from the fact that she was struck with ice and snow, which she claims came from the roof or awning of the premises. Res ipsa loquitur applies, however, only in cases in which the accident in question would not have happened, in the ordinary experience of mankind, without the negligence of the defendant or those for whom the defendant is responsible. See Osborne v. Hemingway Transp., Inc., 28 Mass. App. Ct. 944, 945 (1990). “Simply stated, the doctrine of res ipsa loquitur does no more than recognize that negligence and causation, like other facts, may be established by circumstantial evidence.” Ide v. Foreign Candy Co., 2006 Mass. App. Div. 165, 167, quoting Hemenway v. Shaw’s Supermarket, Inc., 1998 Mass. App. Div. 97, 98. Evidence that an accident occurred, without more, is insufficient to satisfy the doctrine. See Enrich v. Windmere Corp., 416 Mass. 83, 87 (1993); Reardon v. Boston Elevated Ry. Co., 247 Mass. 124, 125 (1923). Additionally, although the issue of negligence is generally a question of fact, a judge “may decide the issue as a matter of law when no rational view of the evidence permits a finding of negligence.” Roderick v. Brandy Hill Co., 36 Mass. App. Ct 948, 949 (1994).
Gosselin argues that the present case is analogous to Graci v. Massachusetts Gas & Elec. Light Supply Co., 7 Mass. App. Ct. 221 (1979). In Grad, the two plaintiffs, while standing on the sidewalk in front of the defendant’s vacant building, were struck by wood, bricks, glass, and other debris that fell from above. The Appeals Court stated that such an accident “may be of a kind that in the ordinary course of things would not have happened in the absence of negligence on the part of the person in control of the agency or instrumentality causing it.” Id. at 223. The Appeals Court further noted that
[ojbjects such as [bricks, wood, and] glass do not ordinarily fall from *203 buildings upon travelers on the highway if due supervision is exercised by those in charge of the building, and the fact that such objects fell was sufficient evidence to establish a lack of due care if no other adequate explanation of the falling appeared.
Id., quoting Hunt v. Lane Bros., 294 Mass. 582, 587 (1936).
While it may be unusual, in the absence of negligence, for wood and debris to fall from a building, the same cannot be said of snow, especially in New England. Indeed, the Supreme Judicial Court has refused to apply the doctrine of ms ipsa loquitur in at least one case involving falling snow. McGee v. Boston Elevated Ry. Co., 187 Mass. 569 (1905). In McGee, the Court upheld a directed verdict in favor of the defendants when the plaintiffs could not demonstrate the source of the snow and ice that they claimed had struck them while they walked under the elevated portion of a streetcar railway. Id. at 570. The Court noted that “[t]he burden of proof was upon the plaintiffs to show that the snow came from the defendant’s structure, and this they have not done.” Id.[3] Similarly, as this case is not one permitting the application of res ipsa loquitur, Gosselin remained obligated to identify the source of the ice and snow that struck her as a dangerous condition resulting from the defendants’ negligence. As noted, Gosselin was unable to so testily because she never observed the source of the ice and snow.
Moreover, Gosselin failed to present any expert testimony that there had been a defect in the roof or awning of which Colonial or Yaldough knew or should have known. Absent such proof, the defendants could not be found negligent. Davis, supra at 742-743. Ultimately, Gosselin’s case rested on nothing more than the mere occurrence of an accident, which is insufficient to establish the defendants’ negligence. Spano v. Wilson Tisdale Co., 361 Mass. 209, 212 (1972).
As there was no error in the allowance of the defendants’ motions for summary judgment, the trial court’s judgment is affirmed.
So ordered.

 As stated in the RESTATEMENT (SECOND) OF TORTS §343, 215-216 (1965): “A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.”

 The conclusion reached by the Supreme Judicial Court in Connors v. Richards, 230 Mass. 436 (1918) is easily distinguished from this case. In Connors, the plaintiff testified that she had observed the ice and snow falling from the defendant’s building; but later testified on cross-examination that she could not be certain of the source of the falling ice. Id. at 436-437. The Court upheld the jury’s verdict in favor of the plaintiff, however, noting that it was -within the jury’s purview to determine which of the plaintiff’s statements regarding the ice’s origin should be given credence. Id. In contrast, Gosselin has never been able at any time to identify the source of the falling ice and snow that struck her.