LEON J. FREDETTE *vs.* CHAIR CITY TAXI COMPANY
(and a companion case[1]).

Worcester. September 22, 1959. — October 30, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Proximate Cause. Practice, Civil,* Auditor: trial on report only; Findings
by judge.

The report of an auditor whose findings were not final in actions of tort
against a taxicab company and a telephone company justified infer-
ences, imported by the allowance of motions for judgments for the de-
fendants by a judge hearing the actions solely on the report, that
neither negligence of the operator of a taxicab which struck and jarred
a telephone pole on a sidewalk, creating a hole in the sidewalk near the
base of the pole, nor failure of the telephone company to repair the
hole, if it had any duty to do so, was the proximate cause of a greatly
enlarged condition of the hole existing about two weeks later when the
plaintiff, a pedestrian, stepped or fell into it and was injured.

TWO ACTIONS OF TORT. Writs in the First District Court
of Northern Worcester and in the Superior Court, respec-
tively, dated June 11, 1956.

Upon removal of the first action to the Superior Court,
the actions were referred to an auditor and were heard on
his report by *Dewing,* J.

*Nelson L. Kendall, Jr., (William M. Quade* with him,) for
the plaintiff.

*Paul L. Hinckley, (Stanley B. Milton* with him,) for Chair
City Taxi Company.

*Donald A. Macksey,* for New England Telephone and
Telegraph Company.

WILKINS, C.J. The plaintiff was hurt by falling "into a
hole adjacent to the pole" of the defendant New England
Telephone and Telegraph Company which had been struck
by a taxicab of the defendant Chair City Taxi Company.

---

[1] The companion case is by the same plaintiff against New England Tele-
phone and Telegraph Company.

The cases were referred to an auditor whose findings of fact were not to be final. The auditor found for the defendants. The judge allowed the defendants' motions for judgment on the auditor's report, and reported the cases to this court.

We state facts found by the auditor. On July 1, 1955, about 1:30 P.M. the taxicab was in operation on West Street, a public way in the city of Gardner, by the taxicab company's agent, one LeBlanc. As he drove in a westerly direction, the automobile went out of control, jumped a curb, and ran into the pole on the north side of West Street about five feet from the edge of the sidewalk. LeBlanc was "seriously injured," and the automobile "badly damaged." The pole was jarred by the impact, and telephone wires hung low across the street. There was a hole in the sidewalk near the base of and to the west of the pole. The hole was approximately five inches wide and "about the radius of the telephone pole." Immediately after the accident telephone company men repaired the wire damage. They did nothing to the pole. The taxicab company's president went to the scene, ordered the automobile towed away, but "did nothing to warn anybody about the pole and the hole."

On July 15, 1955, about 10:15 P.M. the plaintiff, who lived near by, stepped or fell into the hole. On the morning of July 16 the hole was thirty inches in length, eighteen inches in width, and twelve inches in depth. The widest part was at the northwest "corner" of the pole. The hole was about five inches from the inside edge of the curb. The sidewalk consisted of about two inches of black top upon sand and gravel. There were "jagged edges of pavement around the hole," and pieces were lying in it.

In the action against the taxicab company the auditor applied the doctrine of res ipsa loquitur, and found that the accident was caused by LeBlanc's negligence. He found that a statement made by LeBlanc to police officers, that he thought he was going to "black out" and tried to apply his brakes, "was not sufficient to rebut the presumption of negligence." Compare *Carroll* v. *Bouley*, 338 Mass. 625, 627–628. The auditor found that the defendant's negligence

was not the proximate cause of the plaintiff's injuries, because two weeks had intervened, during which time the hole had grown in size, and the city, which had notice, had the obligation to repair the defect under G. L. (Ter. Ed.) c. 84, § 15, and to warn the public of its presence.

In the action against the telephone company the auditor found that a permit had been issued to it in conjunction with an electric company "to erect and maintain pole and wires on West Street," but stated that the defendant, which was not responsible for the damage to the pole and for the hole in the sidewalk, was not under any duty of repairing the hole or of placing barriers.

"The general finding of the trial judge rendered upon an auditor's report as the sole evidence imports the drawing of all rational inferences and the finding of all subsidiary facts tending to support that conclusion of which the case is susceptible." *Ballou* v. *Fitzpatrick*, 283 Mass. 336, 339, and cases cited.

The judge could have drawn the inference that the hole in the condition in which it was on July 15 or 16 was not the proximate result of the negligent act of the taxicab company's driver on July 1. Not enough appeared in the report to require a finding that the greatly expanded hole had so greatly grown in size because of the original act of running into the pole. Similarly, even were we to assume that the telephone company was under obligation to fill in the hole in its condition on July 1 — a matter which we need not, and do not, decide — there was nothing to require a finding that any failure to perform that duty was the proximate cause of the growth of the hole to its size on July 15 or 16.

In accordance with the terms of the report, let the entry in each case be

*Judgment for the defendant.*