Burnes, Nonnie S., J.
This is an action brought by the plaintiffs, Horacio Reynoso, Felix Reynoso, and America Reynoso (collectively “the Reynosos”), alleging negligence on the part of the defendants, Paul Lanik (“Lanik”) and Eleanor Hanlon (“Hanlon”). The dispute arises as the result of a three-vehicle accident that occurred on October 28, 2001, at or on the Sturbridge exit ramp from the Massachusetts Turnpike. The matter is before this court on Hanlon’s motion for summary judgment. For the reasons set forth below, Hanlon’s motion for summary judgment is ALLOWED.
BACKGROUND
At this summary judgment stage, the facts are reported in the light most favorable to the non-moving party. Anderson Street Associates v. City of Boston, 442 Mass. 812, 816 (2004), citing Augar, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). The Reynosos occupied a vehicle traveling toward the toll booth at the Sturbridge exit of the Massachusetts Turnpike. The second vehicle, traveling in the same direction and behind the Reynosos’ vehicle, was operated by Hanlon. The third vehicle involved, traveling in the same direction behind Hanlon’s vehicle, was operated by Lanik.
The traffic was stop-and-go for vehicles exiting off of the Massachusetts Turnpike at the Sturbridge exit. There was a long line of cars approaching the toll from the exit. The Reynosos did not see Hanlon’s vehicle or Lanik’s vehicle behind their own prior to the impact. Prior to the impact, the Reynosos did not hear any horns or the screeching of tires. There are disputed facts as to whether Hanlon’s vehicle came to a complete stop behind the Reynosos, and the amount of space between the vehicles if Hanlon did stop prior to the collision. The Reynosos were at a complete stop when their vehicle was struck in the rear by Hanlon’s vehicle. They only felt one impact during the accident. Hanlon’s vehicle was struck in the rear by Lanik’s vehicle. The facts are disputed as to which impact occurred first.
Lanik never saw the Reynosos’ vehicle prior to the accident, and Lanik does not know the speed at which Hanlon was traveling. Lanik stated that Hanlon stopped suddenly and unexpectedly in front of him, but could not say whether Hanlon’s vehicle made contact with the Reynosos’ vehicle when Hanlon came to a stop behind them. Lanik could not see the Reynosos’ vehicle, as his view was obstructed by Hanlon’s SUV. As Lanik approached the area of impact, the sun was directly in front of him. When he realized that Hanlon’s vehicle had stopped, he braked as hard as possible, but was unable to avoid contact. Hanlon’s vehicle was hit in the rear by Lanik’s vehicle.
Lanik died after the inception of this matter, but had submitted answers to interrogatories regarding the accident before he died. He stated that he never saw the Reynosos’ vehicle, and that his speed was between zero and five miles per hour when he first saw the Hanlon vehicle, as well as at the point of impact. In his answers he also stated the following:
The sun was low on the horizon and directly in front resulting in decreased visibility despite the fact that I was wearing prescription sunglasses. As I was starting up from a full stop, I realized that the Hanlon vehicle suddenly stopped again. I braked as hard as possible, but was not able to avoid contact with the Hanlon vehicle. My speed when I hit the *505 Hanlon vehicle was about 5 mph as I was already-braking and coming to a stop.
DISCUSSION
Summary Judgment Standard
Summary judgment is appropriate where the “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Highland Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997), citing Mass.R.Civ.P. 56(c). Hanlon is entitled to summary judgment if she can demonstrate by reference to these materials, “unmet by countervailing materials, that the parties opposing the motion have no reasonable expectation of proving an essential element of their case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Summary judgment is rarely appropriate to decide negligence actions because the question of negligence is usually one of fact. Manning v. Nobile, 411 Mass. 382, 388 (1991). That rule is not absolute. Id.
“Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment.” Davidson v. General Motors Corp., 57 Mass.App.Ct. 637, 639 (2003), quoting Madsen v. Erwin, 395 Mass. 715, 721 (1985). The court is not to consider the credibility of witnesses or weight of the evidence as it would be relevant at a trial, but rather must focus on whether there are genuine issues of material fact. Donnelly v. Cohasset Housing Authority, 62 Mass.App.Ct. 1104 (2004).
Negligence
Negligence is generally defined as “the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances.” Carroll v. Bouley, 338 Mass. 625, 627 (1959). The law mandates that a person operate her automobile in a reasonably careful and prudent manner, not only as to its rate of speed, but also as to its distance from other vehicles, and, within the bounds of ordinary care, to anticipate that another vehicle might be required to stop for various reasons incident to traffic. Buda v. Foley, 302 Mass. 411, 413 (1939). Evidence of a rear-end collision, “without evidence of the circumstances under which it happens” does not constitute proof of the negligence of either automobile operator. Frazier v. Cordialino, 356 Mass. 465, 466 (1969).
Analysis
The Reynosos, upon whom the ultimate burden rests in this case, did not see what happened prior to feeling the impact. As such, they cannot offer evidence based on personal knowledge regarding the circumstances of the accident beyond the simple fact that Hanlon’s vehicle struck the rear of their vehicle. The Reynosos have testified that they only felt one impact, which would support the theory that Hanlon was struck first by Lanik. Lanik did not offer affirmative evidence that Hanlon struck the Reynosos’ vehicle first, and could not have, because he could not see the Reynosos’ vehicle at the time of the accident.
Both parties in opposition to this motion argue that ajury might not find Hanlon’s testimony to be credible, and could disbelieve her version of the events. While the court should not consider issues of credibility at the summary judgment stage, even assuming the jury were to disbelieve Hanlon’s testimony regarding the circumstances of the accident, there is simply no evidence upon which a jury could find that the Reynosos met their burden of proof. There is no evidence, beyond the accident itself, that Hanlon breached her duty to the Reynosos to drive her vehicle with due care. The accident, by itself, is not evidence of negligence.
The parties in opposition also speculate as to how Lanik’s vehicle could have pushed Hanlon’s SUV into the Reynosos’ vehicle if Lanik was travelling between zero and five miles per hour. There is no expert testimony, for example, that Lanik’s vehicle could not have pushed Hanlon’s SUV into the Reynosos’ vehicle, not that the extent of the damage to the various vehicles offers a basis for any conclusion different from Hanlon’s testimony. The jury may not surmise what may have occurred, nor speculate that Hanlon’s negligence was the cause of the accident without affirmative evidence before them.
Further, the parties opposing the motion dispute which impact occurred first, and whether or not Hanlon came to a complete stop behind the Reynosos. There is, again, no affirmative evidence to contradict Hanlon’s version of events that she stopped first and Lanik hit her first, before she hit the Reynosos. It is still clear that the Reynosos could not demonstrate that Hanlon breached her duty of care to operate her automobile in a reasonably careful and prudent manner. As such, Hanlon is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, it is hereby ORDERED that Hanlon’s motion for summary judgment is ALLOWED.