Curtin, J.
Plaintiffs Michael A. Roa (“Roa”) and Janet Carmenatty (“Carmenatty”) have appealed the entry of summary judgment for the defendant on their negligence claim in this motor vehicle tort action. The trial judge allowed defendant Michael Roberts’ (“Roberts”) Mass. R. Civ. P., Rule 56, motion on the ground that Roberts suffered a sudden medical emergency immediately prior to the accident and was not, therefore, negligent.
Roa was the operator of a car that was stopped at a stop light, and his sixteen year old daughter, Carmenatty, was a passenger in his vehicle. Roberts’ automobile crashed into the Roa vehicle from behind as the Roa vehicle waited at the red light. After the collision, Roa saw Roberts lying back in the seat of his car *115 and thought that Roberts might have hit his chest on the steering wheel as a result of the impact. Witnesses who arrived at the scene after the collision saw Roberts with his head down on the steering wheel, appearing to be unconscious. After the collision and the removal of Roa’s vehicle from the scene, Roberts’ vehicle suddenly moved across the intersection and hit a building. After that second impact of Roberts’ vehicle, witnesses described Roberts’ torso as “flailing wildly,” and as moving back and forth, causing his seat to recline. Roberts’ foot was still on the gas pedal.
In support of his summary judgment motion, Roberts filed an affidavit stating that he had no memory of the accident, had never before experienced a seizure, and had no pre-existing medical condition that would explain the seizure. Roberts also submitted medical reports, some of which contradicted his averment that he had no pre-existing condition.[2] The reports indicated that Roberts had a history of migraine headaches and vertigo dating back to 1994, and that he had lost consciousness on at least one occasion prior to the accident at issue in this case. Further, the medical report prepared immediately after the accident stated that Roberts “was having dizziness and an olfactory hallucination of smelling Clorox."
None of the medical reports, however, contained an opinion from any doctor that Roberts suffered a seizure immediately prior to the accident.
Summary judgment may be granted only when the moving party satisfies his affirmative burden, Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989), of demonstrating that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Mass. R. Civ. P., Rule 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). Where the moving party would not bear the burden of proof at trial, he may satisfy his Rule 56 burden either by submitting evidence that negates an essential element of the opposing party’s case, or by demonstrating that his opponent has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Massachusetts courts have recognized the doctrine of sudden medical emergency as a defense to a negligence claim. Ellingsgard v. Silver, 352 Mass. 34, 36 (1967); McGovern v. Tinglof, 344 Mass. 114, 117 (1962); Carroll v. Bouley, 338 Mass. 625, 627 (1959). “[A] sudden and unforeseeable physical seizure rendering an operator unable to control his motor vehicle cannot be termed negligence.” Carroll, supra at 627. To prove this affirmative defense, however, it is the defendant’s burden to show that he was in fact impaired by an unforeseeable illness or medical emergency prior to the occurrence of the accident. McGovern, supra at 116-117; Carroll, supra at 627. In the Carroll case, the defendant’s automobile proceeded through a red light, struck a post and then hit the plaintiff’s vehicle, which was stopped at a traffic light. The defendant was not visible in the driver’s seat prior to the crash; and, after the crash, he was found lying on the floor of the automobile breathing heavily and gasping for air. He died thirty minutes later. In vacating the trial court’s directed verdict for the defendant, the Supreme Judicial Court stated that if the defendant “was still a normal operator at the time his automobile entered the intersection, he indisputably could have been found negligent, .because the automobile entered the intersection against a red light.” Id. The Court concluded that the fact that the plaintiff saw no one in the defendant’s driver’s seat prior to the collision and the fact that the defendant *116 was found lying on his vehicle’s floor in an expiring condition immediately after the accident “did not require a finding that [the defendant's] condition related back to a time before entering the intersection or even before striking the post.” Id. at 628.
Roberts failed to present any facts in his affidavit or other Rule 56 materials to prove that he suffered a sudden medical emergency at any time. His medical reports did not contain any medical opinion that he suffered a seizure prior to hitting Roa’s automobile. No witness saw Roberts before the initial collision with Roa’s vehicle occurred. While Roa observed Roberts lying back in his seat after the collision, he thought that might have been the result of the initial impact between the vehicles. The observations of some witnesses that Roberts was “flailing wildly” or unresponsive described his condition only after the second impact when his vehicle struck the building. Nothing in those witnesses’ statements constituted any evidence of a sudden medical condition that had occurred before Roberts’ car struck Roa’s vehicle. See id. at 627.
In the absence of proof of a sudden medical emergency prior to his collision with Roa’s vehicle, summary judgment should not have been entered for Roberts. Evidence that Roa’s vehicle was stopped at a red light and was struck in the rear by Roberts’ car would have been sufficient to raise a genuine issue as to Roberts’ negligence. Olofson v. Kilgallon, 362 Mass. 803, 806 (1973).
Summary judgment for the defendant is vacated, and this case is returned to the Cambridge Division of the District Court Department for trial.
So ordered.

 Roberts’ medical records were not certified pursuant to G.L.c. 233, §§79, 79G, and Roa filed a motion to strike the records. That motion was denied by the trial court. Roa did not appeal that ruling.